No. 18,834.

FRANK PIERSON, *Appellant*, v. T. J. HOLDRIDGE, JR., *Appellee.*

SYLLABUS BY THE COURT.

1. FALSE REPRESENTATION OF AUTHORITY—*By Officer of Corporation to Make Contract for Life Employment—Measure of Damages.* In an action for false representation by an officer of a milling company thât he had authority to bind the corporation by a contract to employ the plaintiff for life by way of settlement of a claim for personal injuries, the measure of damages is the loss occasioned the plaintiff through failure to secure a valid contract, and not the value of the claim for personal injuries.

2. SAME—*Action Founded on Tort—Limitation of Action.* An action for false representation of authority to make a contract is founded on tort. It is essentially an action for deceit, and the statute of limitations does not commence to run until discovery of the fraud.

Appeal from Kingman district court; PRESTON B. GILLETT, judge. Opinion filed May 9, 1914. Reversed.

*John H. Connaughton,* and *Charles C. Calkin,* both of Kingman, ior the appellant.

*George L. Hay, L. F. Walter,* both of Kingman, and *T. A. Noftzger,* of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The facts furnishing the basis for this action were stated in the case of *Pierson v. Milling Co.,* 91 Kan. 775, 139 Pac. 394. After the trial of that

action the plaintiff determined to protect himself against the consequences of a possible final adjudication that the milling company was not bound by the contract for life employment negotiated by T. J. Holdridge, jr. Therefore he sued Holdridge for false representation of authority to act for the corporation. A demurrer was sustained to the petition, and the plaintiff appeals.

It is argued that the allegations of the petition are not sufficiently definite and certain to make out a cause of action. They do leave considerable to be desired, but liberally construed are sufficient to entitle the plaintiff to relief.

It is further argued that the petition fails to state a cause of action because it is framed to recover damages for loss of the contract for life employment when the plaintiff's deprivation really consisted in loss of his right to prosecute an action for personal injuries. In this respect the theory of the petition is correct.

The action is one for deceit. The claim is that T. J. Holdridge, jr., by conduct and statements, induced the plaintiff to believe that he had authority to bind the corporation by the life-employment contract. Relying on those representations the plaintiff released his cause of action for damages for personal injuries, suffered the statute of limitations to run against it, and obtained, as he supposed, a valid contract for life employment. Under these circumstances the plaintiff is entitled to the benefit of his bargain. There are two rules on the subject of the measure of damages in such cases, but this court has chosen the more liberal one. (*Speed v. Hollingsworth,* 54 Kan. 436, 38 Pac. 496.) The question involved was elaborately briefed and ably argued in the case of *Stroupe v. Hewitt,* 90 Kan. 200, 133 Pac. 562, but the court decided that it would adhere to the doctrine of the earlier case. The same rule was applied in the case of *Epp v. Hinton,* 91 Kan. 513, 139 Pac. 379.

Pierson v. Holdridge.

The action was not based "on the contract" for life employment, and indeed could not be since it contained nothing indicating an intention on the part of the defendant to bind himself personally.

The action being essentially one for relief on the ground of fraud, the statute of limitations did not commence to run until discovery of the fraud. In some states a distinction has been made between false representation of authority and implied warranty of authority. The liability of the person who acts without authority is the same under both theories, but the remedy in one case is for tort and in the other for breach of an implied contract. To these remedies different statutes of limitation apply. The subject has been discussed chiefly with reference to the conduct of one who has acted without authority but who in good faith believed that he was authorized. The distinction is not important in this state, where it is held that a false representation made without knowledge of its falsity may furnish the foundation for an action of tort although no intention to deceive existed. Therefore the court inclines to the view which has been stated thus:

"If one falsely represents that he has an authority, by which another, relying on the representation, is misled, he is liable; and by acting as agent for another, when he is not, though he thinks he is, he tacitly and impliedly represents himself authorized without knowing the fact to be true, it is in the nature of a false warranty, and he is liable. But in both cases his liability is founded on the ground of deceit, and the remedy is by action of tort." (*Jefts and wife v. York*, 10 Cush. [64 Mass.] 392, 395.)

The judgment of the district court is reversed and the cause is remanded for further proceedings.