### KERLEY v. HOEHMAN et al.

No. 7643.—Opinion Filed July 25, 1916.

Rehearing Denied June 19, 1917. Second Petition for Rehearing Denied Sept. 23, 1919.

1. **Death—Limitation of Actions—Effect of Fraudulent Concealment of Cause of Death.**

Section 5281, Rev. Laws 1910 (section 4318, St. 1803), creates a right of action for damages for death by wrongful act which did not exist at common law, and which does not obtain in the absence of such act. The limitation of two years prescribed in the act in which such action must be commenced is a condition imposed upon the exericse of the right of action granted, and this time is not extended by reason of the fraudulent concealment of the cause of death.

2. **Same—Time of Suit as Condition of Liability.**

The time fixed for the commencement of an action unknown to the common law, by statute which creates or permits the action, is a condition of the liability and action thus created, and not a statute of limitation. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition to the liability and of the action which it permits.

(Syllabus by Edwards, C.)

Error from District Court, Caddo County; Will Linn, Judge.

Action by Arthur P. Hoehman and Minnie A. Hoehman against W. W. Kerley. Judgment for plaintiffs, and defendant brings error. Reversed and remanded, with directions to sustain demurrer to petition and dismiss the action.

A. J. Morris, for plaintiff in error.

Bond, Melton & Melton, for defendants in error.

Opinion by EDWARDS, C. For convenience the parties will be referred to as plaintiffs and defendant, according to their position in the lower court.

The record discloses: That the plaintiffs are husband and wife and parents of Robert Hoehman, deceased. That defendant is a practicing physician and was the attending physician at the birth of said Robert Hoehman, a normal healthy child, born July 6, 1911. That a few days after the birth of said Robert Hoehman the defendant, as a physician, had prescribed for one Hoops, a cousin of the plaintiff Arthur P. Hoehman. The said Hoops was a young man, about grown, who lived near and on the same farm as the plaintiffs. That on the 20th day of July, the plaintiff Arthur P. Hoehman went to the office of the defendant, paid him for his services as attending physician at the birth of said Robert Hoehman, and the defendant then inquired about the boy, meaning the cousin, Hoops, the inquiry, however, being understood by the plaintiff Hoehman as referring to his infant son, Robert Hoehman, and the plaintiff Arthur P. Hoehman thereupon answered in substance that the boy was suffering from stomach trouble, and asked the defendant to give him something for the trouble, and thereupon the defendant wrote and gave to the plaintiff Arthur P. Hoehman a prescription, believing that the same was intended for the cousin, Hoops. The plaintiff had the prescription filled at a drug store, returned home, and some time in the afternoon was about to administer a dose of the medicine to the infant; but, the medicine appearing to him to be laudanum, before administering same he called up the defendant by telephone and inquired if it would be all right to give the medicine, as it looked like laudanum. The defendant answered, in substance, that if the prescription was filled as given by him it would be all right. The plaintiff then gave the infant a dose of the medicine, and later, observing that the child appeared to be turning purple in color and was very ill, again called up the defendant and requested his presence. The defendant went to the farm occupied by the plaintiffs, but, on arriving there, first went to the house of Hoops, still believing that he was the person for whom he had been called upon to prescribe. There, finding Hoops apparently well, he inquired who had called him, and was then directed to the house of the plaintiffs. Upon reaching the

house of plaintiffs, he found the infant child very ill from the effects of the medicine prescribed, and from the effects of which it died during the night following. There is some controversy as to exactly what occurred when the defendant arrived at the house and during his attendance there; but it is uncontroverted that he poured out the medicine which had been prescribed and used the bottle as a container or measure for other medicines then administered by him. On the following morning, the defendant went to the druggist who had filled the prescription and substituted another prescription for the one which he had given plaintiff the day before, and the former prescription was withdrawn from the files but retained at the drug store. After the death of the child, the plaintiff Arthur P. Hoehman called at the drug store for a copy of the prescription and was given a copy of the one which had been substituted by the defendant. This substitute prescription plaintiff had filled and later analyzed, and from the analysis believed that the prescription was, not, within itself, dangerous, but had been incorrectly compounded. The evidence is somewhat controverted, yet it appears that it was some 18 months later before he learned the real facts as to the change in prescription. It was considerably more than two years from the death of the child until this suit was instituted.

The amended petition sets out the circumstances substantially as stated, and alleges that no administrator has been appointed, and sets out the concealment of the cause of the death as a reason for bringing the suit after two years. Damages in the sum of $20,000 are prayed. A demurrer was filed by the defendant, overruled, and exceptions saved and an answer by way of general denial then filed. The evidence supports the allegations of the petition as to the manner and cause of death. It is also admitted by the defendant that the death of the infant child was caused from administering the medicine as prescribed. Judgment was for the plaintiff in the sum of $1,000. Motion for a new trial was filed, overruled, and exceptions saved, and in due time the defendant prosecutes his appeal to this court.

The question to determine, then, is whether or not this action, being an action for wrongful death, instituted more than two years after the cause of action accrued, can be maintained. The action is based upon section 5281 of the Revised Laws of 1910, which is as follows:

"When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

Under this section of the law the defendant contends that the limitation, being contained in that section of the law which gives the right of action, is not the usual statute of limitations which operates against the remedy, but is a limitation upon the very right itself, and that no excuse for delay in commencement of the action for more than two years will avail.

The plaintiff, on the contrary, contends that the right of action is given by section 7, art. 23, of the Constitution, which reads:

"The right of action to recover damages for injuries resulting in death shall never be abrogated and the amount recoverable shall not be subject to any statutory limitation"

—and that the sentence in section 5281, supra, which provides that the action must be commenced within two years, is nothing more than a statutory limitation and is no part of the right of action, and such fixing of the time can only be construed as a statute of limitation.

From an examination of the Constitution and statutes, we believe it is clear that the Constitution does not create the right of action, but merely continues the right which had before the adoption of the Constitution been created by statute and was at the time of the adoption of the Constitution a part of the statute law.

Upon the question of whether or not the limitation expressed in this section of the statute is a limitation upon the right to maintain the action as contended by defendant, or is the usual statutory limitation, we find the authorities to uniformly hold that it is a limitation upon the very right itself. The general rule upon this subject is expressed as follows:

"Inasmuch as the act which creates the limitation also creates the action to which it applies, the limitation is not merely of the remedy but is of the right of action itself." Tiffany on Death by Wrongful Act (2d Ed.) § 121.

"It seems that provisions in the statutes authorizing actions for wrongful death

which limit the time within which the actions should be brought are not properly statutes of limitation as that term is generally used. They are qualifications restricting the rights granted by the statutes, and must be strictly complied with. As the statutes confer a new right of action, no explanation as to why the suit was not brought within the specified time will avail unless the statutes themselves provided a saving clause." A. & E. Ency. of Law (2d Ed.) 875.

"Where the statute, giving a right of action for death by wrongful act. limits the time within which such action must be brought to a certain designated period, and contains no saving clause, an action, sought to be brought after the expiration of such period, is barred. and no exc. se will be recornized for such delay." 13 Cyc. 339.

This statute was adopted from Kansas and has several times been before the Supreme Court of that state. In the case of Rodman v. Mo. Pac. Ry. Co.. 65 Kan. 645, 70 Pac. 642, 59 L. R. A. 704, the court holds:

"Section 422 of the Civil Code creates a right of action for damages for death by wrongful act which did not exist at common law, and which does not obtain in the absence of such act. The limitation of two years prescribed in the act in which such action must be commenced is a condition imposed upon the exercise of the right of action granted, and this time is not extended by the pendency and dismissal of a former action, as provided in section 23 of the Civil Code."

The courts of other states having a statute in substance the same as the section under consideration, except generally for a difference in the time within which the suit is to be brought, likewise hold that the limitation is upon the right to maintain the action and that no excuse for not bringing the action within the time fixed by the statute, will avail.

In L. & N. Ry. Co. v. Chamblee, 171 Ala. 188, 54 South. 681, Ann. Cas. 1913A, 977, it is said:

"This period of two years is of the essence of the newly, by the statute, conferred right of action, and the plaintiff has the burden of affirmatively showing that his action was. commenced within the period provided. It is not a limitation against the exercise of the remedy only."

In Taylor v. Iron Co.. 94 N. C. 525, the court holds:

"This is not strictly a statute of limitation. It gives a right of action that would not otherwise exist, and the action to enforce it must be brought within one year after the death of the testator or intestate. else the right of action will be lost. It must

be accepted in all respects as the statute gives it. Why the action was not brought within the time does not appear, but any explanation in that respect would be unavailing, as there is no saving clause as to the time within which the action must be begun."

In Lambert v. Ensign Mfg. Co., 42 W. Va. 813, 26 S. E. 431, the court says:

"But here the cause of action did not exist at common law, but is created by statute. The bringing of the suit within two years from the death of the person whose death has been caused by wrongful act is made an essential element of the right to sue, and it must be accepted in all respects as the statute gives it. And it is made absolute, without saving or qualification of any kind whatever. There is no opening for explanation or excuse. Therefore, strictly speaking, it is not a statute of limitation."

To. the same general effect are the following cases: Barker v. Ry. Co., 91 Mo. 86, 14 S. W. 280; Williams v. Quebec S. S. Co. (D. C.) 126 Fed. 591; Western Coal Mining Co. v. Hise et al., 216 Fed. 338, 132 C. C. A. 482; Anthony v. Ry Co., 108 Ark. 219, 157 S. W. 394; Gulledge v. Ry. Co., 147 N. C. 234, 60 S. E. 1134, 125 Am. St. Rep. 544; Poff v. Telephone, etc., Co., 72 N. H. 164, 55 Atl. 891; In re Harrisburg, 119 U. S. 199, 7 Sup. Ct. 140, 30 L. Ed. 358.

In Partee v. St. L. & S. F. Ry. Co., 204 Fed. 970, 123 C. C. A. 292, 51 L. R. A. (N. S.) 721, a case appealed to the Circuit Court of Appeals from the Eastern District of Oklahoma, involving a construction of section 5945 of the Compiled Laws of 1909, being the same as section 5281 of the Revised Laws of 1910, except for omitting the limitation upon the amount of the recovery as contained in the laws of 1909, the Circuit Court of Appeals construes this particular section, cites many authorities in support thereof, and holds (syllabus):

"The time fixed for the commencement of an action unknown to the common law, by act of Congress or statute which creates or permits the action, is a condition of the liability and action thus created, and not a statute of limitations.

"A special statute upon a particular subject and a general law must stand together, the one as the law of the specific subject and the other as the general rule, unless it clearly appears that it was the intention of the Legislature to modify or repeal one or the other."

The cause of action accrues at the death for which the recovery is sought. Tiffany, § 122, note: Kennedy v. Burrier, 36 Mo. 128, There would seem then to be no question but

that the limitation imposed by section 5281, supra, is absolute; that the right of action is tendered on the condition that suit be commenced within two years; that no excuse for failure to bring the suit within that time will avail.

It follows that the action must be reversed and remanded, with directions to the lower court to sustain the demurrer to the petition and dismiss the action.

By the Court: It is so ordered.