Hillsborough, }
April 1, 1919. }

MARY E. DESMARAIS, *Adm'x*, *v.* PEOPLE'S GAS LIGHT COMPANY.

P. S., *c.* 191, *s.* 10, creating and limiting actions by and against decedents' estates to two years, limits the existence of the right of action itself and is a bar though the defendant has fraudulently concealed the plaintiff's cause of action; but an action may lie for deceit whereby the original cause of action has become lost, and the measure of damages is the fair value of the claim as it existed when the fraud was practised.

CASE. The plaintiff claims the death of her intestate was caused by the defendant's negligence. The suit was not brought for more than two years after his death. The plaintiff seeks to recover under P. S., *c.* 191, alleging the defendant's fraudulent concealment and active misrepresentation of the facts as an avoidance of the limitation of the action to two years. By amendment another count was added

declaring upon the fraud and alleging that thereby the original cause of action was lost.

Subject to exceptions, the court sustained a demurrer to the count on the original cause of action and overruled it as to the count in deceit. Transferred from the May term, 1918, of the superior court by *Kivel*, C. J.

*Robert W. Upton* and *Samuel J. Dearborn* (*Mr. Upton* orally), for the plaintiff.

*Jones, Warren, Wilson & Manning* and *Taggart, Tuttle, Wyman & Starr* (*Mr. Wyman* orally), for the defendant.

PEASLEE, J.   No recovery can now be had on the original cause of action. The statute which created the right made it conditional upon suit being brought within two years. *Poff* v. *Company*, 72 N. H. 164. If it were conceded that the general statute limiting actions for deceit could be tolled by the defendant's fraudulent concealment, it would not affect the result here. "Unlike the general statute of limitations, this special statute creating the right and giving the remedy does not merely confer a privilege upon the defendant to interpose a definite time limitation as a bar to the enforcement of a distinct and independent liability, but it defines and limits the existence of the right itself." *Ib.* 166.

The plaintiff also seeks to recover for the fraud alleged to have been perpetrated, as an independent cause of action. All the elements necessary to maintain an action for deceit are alleged. The defendant's answer is that to permit such recovery would be an evasion of the statutory limitation on the original cause of action, and that the damages are speculative.

The first ground of defence is clearly untenable. The count is not upon the original liability, but to recover damage for its loss. It proceeds upon the basis that the original cause of action does not now exist. Deception which does not cause loss is not a fraud, in the legal sense. The damage here alleged is the loss of the original cause of action.

The second ground of defence finds support in a recent case in South Carolina. *Whitman* v. *Seaboard Air Line Railway Co.*, 107 S. C. 200; s. c. L. R. A. 1917 F, 717. No authorities are there cited, and the conclusion that the plaintiff's damages could not be measured because it could never be known what the jury

would have awarded in the original case, does not seem to rest upon satisfactory grounds. The opposite conclusion was reached in New York. *Urtz* v. *New York Central &c. Railroad Co.*, 202 N. Y. 170. The court were there divided in opinion as to the measure of damages, but all agreed that the damages were not too remote or speculative, and that the plaintiff was entitled to recover "the fair value of the claim" as it existed when the fraud was practised. *Ochs* v. *Woods*, 221 N. Y., 335, 341. This appears to be the more reasonable conclusion. As was said in a case involving fraud practised upon a creditor, whereby he permitted a judgment to lapse: "Every principle of reason and justice demands that a fraud of this nature should not be allowed to deprive the creditor of his rights." *Marshall* v. *Buchanan*, 35 Cal. 264, 268.

The further suggestion that the plaintiff could have learned the facts by bringing suit and taking the depositions of those who made the representations, does not meet the case. If this might be urged upon the jury as showing that it was not reasonable for the plaintiff to believe the representations and act upon them, it does not establish such proposition as matter of law. *Groendal* v. *Westrate*, 171 Mich. 92.

It was urged by the defendant, in argument, that if the plaintiff prevailed upon the demurrer the issue of fraud ought to be tried separately, the merits of the original claim being reserved for determination thereafter. But, as before pointed out the loss of a valuable right is an essential element of the fraud which is charged. If the whole issue of fraud is tried, the soundness of the original claim must be inquired into.

*Exceptions overruled.*

PLUMMER, J., was absent: the others concurred.