No. 32,899

Bert Clark, *Appellee*, v. J. J. Amos, R. L. Works, W. W. Gray, C. N. Wood, as Individuals and as Trustees, doing business as the Neosho Valley Oil & Gas Trust, *Appellants*.

(58 P. 2d 81)

Opinion filed June 6, 1936.

*L. T. Cannon*, of Humboldt, for the appellants.

*John C. McCall, Kenneth H. Faust, Elliot Norquist* and *Inghram D. Hook*, all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

Dawson, J.: This was an action for deceit. Defendants' demurrer to plaintiff's petition was overruled, and they appeal.

Plaintiff's third amended petition alleged that defendants were the trustees of the Neosho Valley Oil and Gas Trust, which was a common-law trust engaged in the business of producing, marketing and selling gas, petroleum and petroleum products; and that the defendant J. J. Amos was its managing agent in actual charge of its business. The trust owned a tract of land a few miles northwest of Humboldt, on which was maintained a large tubular boiler drip, about twelve feet long and six feet in diameter. This apparatus was used in the business of defendants. On or about February 10, 1932, a fracture developed in the boiler drip.

Plaintiff then was and for some time had been an employee of defendants. Their managing agent Amos directed him to repair

the boiler drip. Plaintiff set about that task with a blow torch to weld the fracture, and while exercising due diligence for his own safety, the boiler drip exploded and plaintiff was severely, variously and permanently injured.

This accident happened on February 12, 1932. In September, 1932, Amos, as agent for defendants, stated to plaintiff that the Neosho Valley Oil & Gas Trust was operating under the workmen's compansation act, and that under its terms plaintiff was entitled to $200 to pay his medical bills and entitled to compensation for a period of six months, to the amount of $350.

Plaintiff alleged that these representations by defendant Amos were false and were made with intent to deceive plaintiff, and that the business of the Neosho Valley Oil & Gas Trust was not conducted under the act; but in reliance on such false representations, and being ignorant of the operation and working of the compen- sation act, plaintiff accepted the sum of $550 and executed a release of his claim against defendants.

Plaintiff further alleged that he did not discover that the representations of Amos, on which he had relied and settled his claim, were false and deceitful, until shortly before this action was begun, in March, 1934, by which time the statute of limitations had run so as to bar plaintiff's cause of action for common-law negligence; and that his only recourse was this action for deceit.

Touching the trial court's ruling on defendants' demurrer, it is the law that where a person has a cause of action against an adversary and is duped through misrepresentation of fact by the latter whereby the injured party permits the statute of limitations to bar his action, he can maintain an action for deceit against the wrongdoer under some circumstances, not on account of the original negligence but on account of the subsequent wrongdoing—the misrepresentation of fact which deceived the injured party—with the consequence that the time bar ran against the original action. (*Pierson v. Holdridge*, 92 Kan. 365, 140 Pac. 1032; *Cramer v. Railways Co.*, 112 Kan. 298, 211 Pac. 118.) While there is a diversity of opinion on this subject (L. R. A. 1917F 720) the Kansas view accords with *Rochester Bridge Co. v. McNeill*, 188 Ind. 432, 122 N. E. 662; *Urtz v. N. Y. C. & H. R. R. R. Co.*, 202 N. Y. 170, 95 N. E. 711, and *Hobaica v. Byrne*, 214 N. Y. S. 759, 761; *Desmarais v. Company*, 79 N. H. 195, 107 Atl. 491.

But in order for plaintiff to maintain this action for deceit it was

an all-important prerequisite thereto that plaintiff should have had an original cause of action against defendants for common-law negligence—the loss of which through the deceit of defendants gave rise to the cause of action now alleged. An essential element in the establishment of such an action for negligence would require appropriate pleading and proof that defendants were not conducting their business under the workmen's compensation act. Plaintiff did so allege, but that allegation was merely a conclusion, since he specifically alleged that—

"Said defendants, at all the times herein mentioned, were and now are engaged in the business of producing, marketing and selling gas, petroleum and petroleum products."

He also alleged that—

"Said boiler drip (whose explosion injured the plaintiff) was used in the business of defendants."

The workmen's compensation act characterizes certain lines of business as hazardous, among which are mines and natural gas plants, and automatically these are within the terms of the act. In the same category are placed "all employments wherein a process requiring the use of any dangerous explosive or inflammable materials is carried on, each of which employments are hereby determined to be especially dangerous, in which from the nature, conditions or means of prosecution of the work therein, extraordinary risk to the life and limb of the workmen engaged therein are inherent, necessary or substantially unavoidable." (R. S. 1933 Supp. 44-505.)

In another section of the act, a mine is defined thus:

"'Mine' means any opening in the earth for the purpose of extracting any minerals and all underground workings, slopes, shafts, galleries, and tunnels, and other ways, cuts, and openings connected therewith, including those in the course of being opened, sunk or driven, prospecting for and obtaining petroleum and natural gas and all other valuable products formed or existing beneath the earth's surface; and includes all the appurtenant structures at or about the openings of the mine, and any adjoining adjacent work place where the materials from the mine is [are] prepared for use or shipment." (R. S. 1933 Supp. 44-508.)

The statute elsewhere does provide that notwithstanding the hazardous character of certain lines of business named in the act, its terms shall not arbitrarily apply to such occupations where less than five workmen are employed; but there it is expressly provided that—

"This act shall apply to mines . . . without regard to the number of workmen employed . . ." (R. S. 1933 Supp. 44-507.)

It is, therefore, clear that defendants' manager did not state an untruth when he informed plaintiff that defendants' business was conducted under the act. Defendants' business being what it was— as alleged in plaintiff's petition—was under the act; the statute made it so; and plaintiff's redress was governed by its terms.

It follows that the judgment of the district court in overruling the demurrer to the plaintiff's third amended petition was erroneous. That demurrer should have been sustained and the cause must be remanded with instructions to that effect.

Reversed.