## NATICCHIONI v FELTER

Ohio Appeals, 1st Dist, Hamilton Co

No 5095. Decided July 6, 1936

Karl E. Wettengel, Cincinnati, and C. A. Vearil, Cincinnati, for appellant.

Waite, Schindel & Bayless, Cincinnati, for appellee.

## OPINION

By MATTHEWS, J.

The only question raised by this appeal from the judgment of the Court of Common Pleas of Hamilton County is whether the court erred in sustaining the demurrer to the petition. If it did, the judgment must be reversed.

In the petition a cause of action for wrongful death was alleged. The wrongful act alleged which caused the death was the failure of the defendant as a physician "to use due and proper care and skill in endeavoring to cure" the decedent whom the defendant was employed to treat. The employment began on the 18th day of November, 1933 and the decedent died on the 27th day of November, 1933.

The ground of the demurrer was that the action was "not brought within one year after the cause thereof accrued, and is therefore barred by the limitation, §11225 G.C."

The petition was filed on November 25th, 1935.

It will be observed from this recital that the decedent died within not more than nine days of the alleged wrongful act which caused the death and the action was instituted within two years after the death.

Under such circumstances was the action commenced within the time allowed by the applicable statute or statutes?

It is contended that the cause of the death was the malpractice of the defendant and that by §11225, G C, such actions must be brought within one year after the cause of action accrued.

On the other hand it is urged that §11225 G C, is inapplicable because this is the special statutory cause of action for causing death by wrongful act and that the statute creating the cause of action prescribes that "every such action must be commenced within two years after the death of such decedent," which was done in this case.

The first wrongful death statute (Lord Campbell's Act) contained a limitation of time within which the action could be brought and every similar statute contains some such provision, the language varying somewhat.

A great array of cases could be collected from the different jurisdictions construing the exact language of the specific statute. It would serve no purpose to comment on these cases in detail.

The effect of the provisions of the general statute of limitations, applicable when death does not ensue, upon the specific provision applicable to actions for wrongfully causing death is discussed in the annotation to the case of Kerley v Hoehman, 8 A.L.R. (74 Okla., 299, 183 Pac. 980) 141 At. 145, et seq., and Flynn v New York, New Haven & Hartford Railroad Company, 72 A.L.R. (283 U. S. 53) 1311 at 1313, et seq. It seems that the only disagreement that is disclosed relates to the rule applicable when the cause of action for personal injury is barred at the time that death results therefrom. And even under that state of facts the majority rule as stated in 72 A.L.R., supra, is that: "The fact that the decedent had failed to bring his action for injuries within the limitation period is no bar to an action by his representative for the death resulting from the injury." There seems to be no discord where the right of action of the decedent was not barred at the time of his death, all the cases holding that in that situation if the action for wrongful death is commenced within the time prescribed by the wrongful death statute it can be maintained. And this is the construction placed upon statutory provisions similar to Lord Campbell's Act, that the action must be brought within a certain time after the accrual of the cause of action.

The Ohio statute (§10509-167 G C) provides specifically that: "Every such action must be commenced within two years after the death of such deceased ▮▮▮▮▮ person." The time of the commencement of the running of the statute is thereby determined by the happening of an event without reference to any legal significance it may have. It so happens, however, that such event supplies the element which added to the original wrong, still existing, creates the cause of action for wrongfully causing death.

The state of the law of this state on this subject is summarized in 13 O. Jur., 497 and 498 as follows:

"It has hitherto been stated that the general wrongful death statute now expressly provides for the period within which the action must be brought, and therefore the general Statute of Limitations can

have no application, at least in cases in which the decedent had not been barred thereby from bringing an action for personal injuries before his death, since the general Statute of Limitations expressly provides for its application 'unless a different limitation is prescribed by statute.' The difficulty involved in determining whether the running of the general Statute of Limitations against the decedent bars the right of action for his death is the same as that involved in the solution of other problems regarding defenses in actions for wrongful death, namely, whether the statute intends it to be a condition precedent to the right of action that the decedent was capable of maintaining an action and recovering damages at the time immediately preceding death, or at the time of the injury. There is authority in Ohio to the effect that an action for wrongful death cannot be maintained if the personal injuries had run against the decedent. In other states, there is authority both in accord with and contrary to this view."

When it is considered that the statute creates an entirely independent action and specifically provides a definite limitation upon the time within which it may be asserted, it seems clear that if the action is brought within that time it cannot be defeated by the application of any other statutory limitation. This is particularly true of our general statute of limitations because it expressly excludes its application when "a different limitation is prescribed by statute." In May Coal Co. v Robinette, Admr., 120 Oh St, 110, it was decided as stated in the syllabus that:

"Secs 10770 and 10772, GC, give an independent right of action for the benefit of the persons named in §10772 GC, where death has resulted from the injuries, to recover for such pecuniary injury resulting from such death, where such right arises from an act, neglect or default, such as would have entitled such person to maintain an action and recover damages in respect thereof, if death had not ensued.

"The two actions, the survivor action and the death action, although prosecuted by the same personal representative, are not in the same right, and hence a judgment for the defendant in one case is not a bar to a recovery in the other."

At page 116, the court quotes from the case of St. Louis, Iron Mountain & South-

ern Ry. Co. v Craft, 237 U. S. 648, as follows:

"'Although originating in the same wrongful act or neglect, the two claims are quite distinct, no part of either being embraced in the other. One is for the wrong to the injured person and is confined to his personal loss and suffering before he died, while the other is for the wrong to the beneficiaries and is confined to their pecuniary loss through his death. One begins where the other ends, and a recovery upon both in the same action is not a double recovery for a single wrong but a single recovery for a double wrong'."

See also: Mahoning Valley Ry. Co. v Van Alstine, Admr., 77 Oh St, 395.

It is suggested that the language of §10509-167, GC, indicates the possibility of other limitations than the one provided therein. It is true that the section does provide that "Except as otherwise provided by law" every such action must be brought within two years. §10772, GC, which §10509-167 GC superseded provided that "Every such action must be commenced within two years after the death of such deceased person except as provided in §10773-1 GC." §10773-1, GC, provides for the bringing of a new action for wrongfully causing death within one year after such action has been dismissed otherwise than upon the merits. The change in the phraseology of §10509-167, GC, was made when the new Probate Code was enacted. All the commentators say there was no intent to change the meaning. And a careful reading makes it clear that no change was made. So far as we are advised §10773-1, GC, now §10509-169, GC, and §10770 GC, now §10509-166, GC, applicable where the action arose under the laws of another state, are the only laws prescribing a limitation upon the bringing of an action for wrongfully causing death. A limitation upon the bringing of an action for malpractice is not a limitation upon the bringing of an independent action for wrongfully causing death.

As the cause of action in favor of the decedent for personal injuries caused by malpractice was not barred at the time of his death by the one year limitation applicable to such action, we are not called upon to decide what effect the running of the statute against the decedent's cause of action for malpractice would have upon the right of the administrator to maintain an action for wrongfully causing death.

What we hold is, that his administrator, under the facts of this case, had under §10509-167, GC, two years from the date of death in which to bring this action. As the action was brought within that time, it was not barred. The court erred in sustaining the demurrer.

For these reasons the judgment is reversed and the cause remanded for further proceedings according to law.

ROSS, PJ, and HAMILTON, J, concur.