**POLLEN et al. v. FORD INSTRUMENT CO., Inc.**

**No. 139.**

Circuit Court of Appeals, Second Circuit.

Jan. 8, 1940.

John V. Lizars, of New York City (Arthur Wright, of New York City, of counsel), for appellants.

Victor D. Borst, of New York City, for appellee.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The plaintiffs brought suit for infringement of six patents. The district judge found that infringement within six years preceding the commencement of suit had not been proved, and dismissed the complaint. He did not decide whether the patents were valid or whether the defendant's acts prior to the six year period were infringements.

The plaintiffs' patents were for range keepers used on naval vessels in connection with gun fire. The patents had expired prior to commencement of suit, and the only relief available to the plaintiffs was profits or damages for past infringements. The defendant manufactured range keepers which it sold to the Navy Department. It was stipulated by the parties that the defendant also sold two range keepers to a foreign government "since 1917 and prior to 1930." The plaintiffs made an effort to prove that the range keepers sold by the defendant infringed the patents in suit. There was no proof of sales later than 1929. Suit was not commenced until 1936. There was evidence that the defendant had taken precautions at its factory to keep secret the construction of range keepers, and that such precautions were taken on direction of the Navy Department, the Navy Department having ruled that the

subject of range keepers was a military secret. The plaintiffs claimed at the trial that the plea of military secrets was sham, that the real purpose of the defendant's secrecy was to conceal the fact that it was infringing the plaintiffs' patents.

The district judge found that there had been no fraudulent concealment by the defendant. The plaintiffs say that the finding was erroneous; they also say that they were prevented by adverse rulings from introducing further evidence of concealment. For the reasons given later, we are of opinion that the judgment below was right, whether the finding and rulings regarding concealment were right or wrong.

█ The defendant was not liable for infringement in respect to machines made for and sold to the United States, whatever the construction of those machines. As to such machines the plaintiffs' only remedy is in suit against the United States in the Court of Claims. Act of July 1, 1918, 35 U.S.C.A. § 68; Richmond Screw Anchor Co. v. United States, 275 U.S. 331, 48 S. Ct. 194, 72 L.Ed. 303; Van Meter v. United States, 2 Cir., 47 F.2d 192; Broome v. Hardie-Tynes Mfg. Co., 5 Cir., 92 F.2d 886. So the claim that the defendant infringed is narrowed to the two machines sold by the defendant to a foreign government. These were made and sold more than six years before suit was commenced. The plaintiffs were thus confronted with the provision in section 70 of the patent statutes, 35 U.S.C.A. § 70: "in any suit or action brought for the infringement of any patent there shall be no recovery of profits or damages for any infringement committed more than six years before the filing of the bill of complaint or the issuing of the writ in such suit or action."

█ The plaintiffs say that this provision does not bar recovery where infringements of more than six years standing have been concealed from the patentee by the infringer in order to avoid being sued. It is the unquestioned rule that in suits based on fraud the statute of limitations does not begin to run until discovery of the fraud. Bailey v. Glover, 21 Wall. 342, 22 L.Ed. 636; Exploration Co. v. United States, 247 U.S. 435, 38 S.Ct. 571, 62 L.Ed. 1200. It may also be that in suits not based on fraud the statute of limitations does not run where the defendant by acts of concealment prevents the plaintiff from obtaining knowledge of his cause of action. See Plews v. Burrage, 1 Cir., 274 F. 881; Williams v. Pittsburgh Terminal Coal Co., 3 Cir., 62 F. 2d 924. But the rule that concealment postpones the running of limitations does not touch suits for patent infringement. The provision in the patent law that there shall be no recovery for infringements committed more than six years before suit is not a mere statute of limitation. It is a part of the statute which creates the liability and gives the right of action. It is a condition on the right, not on the remedy, and it is not subject to the disabilities or excuses by which ordinary statutes of limitation may be avoided by a plaintiff. Peters v. Hanger, 4 Cir., 134 F. 586. Where the time for commencing action is prescribed in the statute which creates the liability and gives the right of action, the time is not extended by reason of fraud or concealment which might work an extension of ordinary statutes of limitation. Bell v. Wabash R. Co., 8 Cir., 58 F.2d 569; Bartlett v. Manor, 146 Ind. 621, 45 N.E. 1060; Bement v. Grand Rapids & I. R. Co., 194 Mich. 64, 160 N.W. 424, L.R.A.1917E, 322; Desmarais v. People's Gas Light Co., 79 N.H. 195, 107 A. 491; Kerley v. Hoehman, 74 Okl. 299, 183 P. 980, 8 A.L.R. 141. The distinction between ordinary statutes of limitation and statutes extinguishing the right of action, whether a logical distinction or not, is thoroughly settled. See The Harrisburg, 119 U.S. 199, 214, 7 S.Ct. 140, 30 L.Ed. 358. It follows that the plaintiffs may not recover for infringements committed more than six years before suit, whether or not the defendant concealed infringements from them. We are not of course holding that there was in fact such concealment.

The district judge was right in dismissing the complaint without considering the validity of the patents and without deciding whether the defendant had infringed them more than six years before commencement of suit.

Affirmed.