[File No. 7027]

WILLIAM LANGER, Respondent, v. JOHN GRAY, as State
Tax Commissioner of the State of North Dakota, Appellant.

(25 NW2d 89)

2 

Opinion filed November 27, 1946

*Nels G. Johnson,* Attorney General, *C. E. Brace,* Assistant Attorney General and *Charles Simon,* Special Assistant Attorney General, for appellant.

*Cox, Cox & Pearce, J. K. Murray* and *Francis Murphy,* for respondent.

MORRIS, J. This is an appeal from a judgment of the district court determining that an additional assessment of income tax made by the State Tax Commissioner on November 5, 1942, wherein the Commissioner assessed $1574.72 additional tax upon the 1937 income of William Langer, was void bcause it was made more than three years after the due date of the return. The trial court decided that the additional assessment was violative of Ch 284, Sess Laws ND 1931, which in part provides: "The Tax Commissioner shall proceed to audit the reports of taxpayers and not later than three years after the due date of the return assess the tax and if any additional tax is found due, shall notify the taxpayer in detail as to the reason for the increase; . . . The taxpayer shall be given thirty days from the date of such notice to file objections to the additional tax, either in person or by attorney. Unless such objections are filed, said tax shall become delinquent forty-five days after notice. If objections are filed, the objections shall be considered by the Tax Commissioner who may call for any further information from the taxpayer that he deems necessary to make a fair determination."

It appears the State Tax Commissioner learned that in 1937 the taxpayer had engaged in a transaction whereby he purported to sell 500 shares of stock in the Land Finance Company, a South Dakota Corporation, to one Thomas V. Sullivan for $25000 of which $11000 was paid in 1937 and $14000 in 1938 and had also sold a number of tracts of land in North Dakota to the Realty Holding Company of Des Moines, Iowa. Neither transaction was disclosed in any income tax return. Upon acquiring this information the Commissioner audited the taxpayer's returns for 1937 and 1938 and made an additional assessment of his income tax for 1937 of $3704.57. Notice of the additional assessment was served on the taxpayer on April 22, 1942. The taxpayer requested a hearing which was granted. At the hearing, held on April 28, 1942, the taxpayer appeared and testified under oath regarding both his 1937 and 1938 income. As a result of this hearing the amount of the additional assessment was reduced to $1574.72. The Tax Commissioner's final computation with respect thereto is as follows:

4

"Net income reported ............................... $3655.87
Add: Amount received for Land Finance Co. stock which
 had no determinable market value Jan. 1, 1919 ...... 11000.00
Add: Profit on sale of farm lands as follows: Cost com-
 puted under the sworn avowal that mortgage liabilities
 would be paid by Wm. Langer. Amount of gross
 income from sale 1937 ........................... 38300.00
Cost: Sect. 35-139-78 ...................... $8260.00
 (Purchase Price)
Sec. 29-32-30, 960 acres (P.P.) ............ 15200.00
SW19-134-80, (P.P.) ...................... 3040.00
NW ¼-20-124-80 Est. ...................... 3000.00

 $32500.00 32500.00
 Profit ..................................... 5800.00 $5800.00
(Improvements and depreciation not figured.)
 Total taxable income .................................. 20455.87
 Personal exemption .............................. 2300.00

 $18155.87
 Tax ................................................. 1588.53
 Tax paid ......................................... 13.81

 Additional tax due ................................. $1574.72"

The taxpayer appealed from the foregoing determination to the district court pursuant to the Administrative Agencies Practice Act (Ch 28-32, Rev Code ND 1943). The Tax Commissioner in turn appealed to this Court from the judgment of the district court holding the additional assessment void because not made within three years after the due date of the return.

The Commissioner contends that the limitation applies only to matters disclosed on the face of the return and that the audit mentioned in the statute means an audit of the figures presented by the taxpayer in his return and does not apply to taxable income resulting from transactions which the return does not disclose. He further contends that the failure of the taxpayer to disclose the transactions resulting in the additional assessment amounts to fraud, renders the return fraudulent and that such fraud either tolls the statute or renders it wholly inapplicable to the transactions involved.

The taxpayer contends that the audit which the statute requires to be made within three years after the due date of the return covers the taxpayer's entire tax liability whether disclosed by the return or not and that no additional assessment can be made after that time regardless of disclosure in the return or the fraud of the taxpayer.

The limitation contained in Ch 284, Sess Laws ND 1931, had its origin in Ch 240, Sess Laws ND 1929, and was enacted by the legislature with the evident intent of prescribing the time within which the Tax Commissioner might assess additional income taxes. It places a time limit upon the power of the Commissioner to make such assessment, without exception and regardless of the reason for which the additional assessment is made.

It is apparent from this record that the Tax Commissioner proceeded under Ch 284, Sess Laws ND 1931. On April 22, 1942, he served a notice on the taxpayer of an additional assessment for 1937 of $3704.57 which he later reduced to $1574.72 and thus initiated the proceedings which culminated in this appeal. On the same day the taxpayer, in a conversation with the Commissioner over the telephone, protested the assessment and asked for a hearing and was advised that a hearing could be held at the taxpayer's convenience. Later such a hearing was arranged for on April 28th, at which time the taxpayer appeared before the Commissioner and testified regarding his income for 1937 and 1938. The stenographic record of the hearing shows that at the beginning thereof the Commissioner said:

"Let the record show that this hearing developed from additional assessment made by the Tax Commissioner for the years 1937 and 1938 on income tax of William Langer. The notices of additional assessment are made a part of this hearing and Senator Langer waives the service of notice of this hearing."

The notice of additional assessment which was the basis for this proceeding was dated April 16, 1942, and contained the following:

"There is attached a statement of adjustment in connection with your income tax liability for the year 1937. If you do not

desire to file a protest, kindly favor us with your remittance covering the additional tax in the amount of $3,704.57.

"If you do not agree with the findings in accordance with the enclosed statement it is desired that every opportunity be afforded you to present to this office any objections or additional information. In accordance with law, you are granted thirty days from date of this letter within which you may, if you so desire, protest the proposed adjustments. . . . .

"In the event that you do not protest within the thirty day period, the tax becomes delinquent forty-five days after this notice, and subject to the penalties prescribed by law."

After the hearing the additional assessment was reduced by the Commissioner to the sum of $1574.72, as shown by the statement which we have set forth above, as the final determination of the Tax Commissioner. The procedure followed and the recitals in the record of the hearing and the notice sent to the taxpayer were in accordance with the provisions of Ch 284, Sess Laws ND 1931.

The taxpayer's 1937 income tax return was filed not later than March 15, 1938. The first date that shows an attempt on the part of the Tax Commissioner to make an additional assessment is April 16, 1942, which appears on the notice that was served on the taxpayer on April 22nd. Thus it is clearly established that over four years elapsed between the due date of the return and the assessment of the additional tax. The statute requires the assessment to be made not later than three years after the due date of the return.

The extent of the audit contemplated by the statute does not affect the period of time within which the assessment must be made. The issue in this case is the validity of the assessment which is not dependent upon the scope of the audit but upon the time that the assessment was made with respect to the due date of the return.

It is vigorously asserted that the taxpayer fraudulently omitted the transactions in question from his return and that because of the fraud the taxpayer may not challenge the validity of the assesment on the ground that it was not made within the

three years prescribed by the statute. It is argued that a statute of limitations does not begin to run with respect to a fraudulent transaction until the discovery of the fraud. This argument impels us to examine the statute with a view to determine its nature and purpose. Every statute prescribing a limit of time within which an act may be performed or action taken is not necessarily a statute of limitations as that term is commonly used. See Pearce v. North Dakota Workmen's Comp. Bureau, 67 ND 512, 274 NW 587. Where a statute prescribes the procedure for determining a liability such as the one involved in this case and fixes the time within which the powers conferred by the statute shall be exercised, the time so fixed is a condition attached to the exercise of the authority vested by the statute. It is limitation of authority and not of the remedy. It is not a statute of limitations.

Where, as in this case, the limitation is on the right to exercise the authority, the failure to proceed within the time limited may not be excused and no explanation as to why proceedings were not taken within the time prescribed will toll the statute or prevent the bar unless the statute itself contains a saving clause.

It is well settled that fraud or concealment does not toll or extend a statute that affects the right rather than the remedy. United States ex rel. Nitkey v. Dawes (CCA7th Ill) 151 F2d 639; Pollen v. Ford Instrument Co. (CCA2d NY) 108 F2d 762; Bell v. Wabash R. Co. (CCA8th Mo) 58 F2d 569; Bartlett v. Manor, 146 Ind 621, 45 NE 1060; Bement v. Grand Rapids & I. R. Co. 194 Mich 64, 160 NW 424, LRA1917E 322; Desmarais v. People's Gaslight Co. 79 NH 195, 107 A 491; Kerley v. Hoehman, 74 Okla 299, 183 P 980, 8 ALR 141.

In Pollen v. Ford Instrument Co. (CCA2d NY) 108 F2d 762, supra, the court said:

"Where the time for commencing action is prescribed in the statute which creates the liability and gives the right of action, the time is not extended by reason of fraud or concealment which might work an extension of ordinary statutes of limitation."

Schuette v. Tax Commission, 234 Wis 574, 292 NW 9, involved the constitutionality of a 1937 statute which authorized the Tax

Commission to make additional assessments and corrections of assessments with respect to income received in any years subsequent to 1926 upon giving notice prior to April 1, 1938. The Tax Commission sought to assess an additional assessment against the plaintiff's 1929 income. Section 71.11 (5), Wis Stat 1929, provided that:

". . . after July 1, 1929, additional assessments or corrections and assessments may be made if such assessments and corrections are made within four years after the close of the period covered by the income tax return, . . . ."

In discussing this statute the court said:

". . . the statute is not a limitation in favor of the taxpayer and against the state, but rather a limitation upon the commission's authority to go back and to make new assessments for years not permitted at a given time by the legislature. Under that ruling it may not be said that the taxpayer has acquired any vested rights against the state as to assessments which properly should have been made."

The law in question is not a statute of limitations in the sense that it bars a remedy or a right of action that might be maintained if it were not for the statute. The power to assess the tax is conferred upon the Tax Commissioner not forever but for a period of three years from the due date of the return. When the period thus provided expires, the power no longer exists and no provision is made for its extension or restoration. When the Tax Commissioner made the assessment the authority to make it had expired. Thus we reach the same conclusion as did the trial court. The assessment is void. The judgment is affirmed.

CHRISTIANSON, Ch. J., and BURKE, NUESSLE and BURR, JJ., concur.