Katherine LARSON and Carl Larson, Plaintiffs,

v.

The PORT OF NEW YORK AUTHORITY and The Union News Company, Defendants.

United States District Court, S. D. New York.

March 29, 1955.

Dwight, Royall, Harris, Koegel & Caskey, New York City, for plaintiffs.

Sidney Goldstein, New York City, for defendant Port of New York Authority, appearing specially for purpose of this motion only.

SUGARMAN, District Judge.

In an action to recover damages for personal injuries allegedly sustained by Katherine Larson and to recover her husband's consequential damages, defendant The Port of New York Authority moves (a) to dismiss the complaint against it "pursuant to Rule 12(b) of the Federal Rules of Civil Procedure [28 U.S.C.A.], upon the ground that this Court lacks jurisdiction over the subject matter thereof and over the person of the defendant, The Port of New York Authority", and it further moves (b) "for an order severing the action as against the defendant, The Port of New York Authority, and directing the Clerk of this Court to enter a judgment of dismissal accordingly".

The complaint, filed on January 31, 1955, alleges *inter alia* that plaintiff Katherine Larson sustained injuries on October 23, 1953, at LaGuardia Airport in New York City through the negligence of movant and defendant Union News Company.

In support of its motion to dismiss, movant shows that it is a body corporate and politic created by bi-state legislation of New York and New Jersey with consent of the Congress of the United States. By concurrent legislation of both States, consent was given by New York and New Jersey, effective June 13, 1951, to sue the movant in tort actions accruing thereafter under certain conditions precedent, among the conditions being the following:

> "The foregoing consent is granted upon the condition that any suit, action or proceeding prosecuted or maintained under this act shall be commenced within one year after the cause of action therefor shall have accrued * * *."[1]

[1]. McK.Unconsol.Laws, § 6694.

The Port of New York Authority contends that since plaintiff failed to plead and cannot prove compliance with that condition precedent, the action must be dismissed as to it.

■ Notwithstanding that movant predicates its motion upon F.R.Civ.P. 12(b) (1) and (2), the motion is deemed one to dismiss for failure to state a claim upon which relief can be granted[2] and will be disposed of accordingly.

■ The requirement that an action of the type in suit be brought within one year from accrual thereof is

"* * * a part of the statute which creates the liability and gives the right of action. It is a condition on the right, not on the remedy, and it is not subject to the disabilities or excuses by which ordinary statutes of limitation may be avoided by a plaintiff. Peters v. Hanger, 4 Cir., 134 F. 586. Where the time for commencing action is prescribed in the statute which creates the liability and gives the right of action, the time is not extended by reason of fraud or concealment which might work an extension of ordinary statutes of limitation. Bell v. Wabash R. Co., 8 Cir., 58 F.2d 569; Bartlett v. Manor, 146 Ind. 621, 45 N.E. 1060; Bement v. Grand Rapids & I. R. Co., 194 Mich. 64, 160 N.W. 424, L.R.A.1917E, 322; Desmarais v. People's Gas Light Co., 79 N.H. 195, 107 A. 491; Kerley v. Hoehman, 74 Okl. 299, 183 P. 980, 8 A.L.R. 141. The distinction between ordi-

nary statutes of limitation and statutes extinguishing the right of action, whether a logical distinction or not, is thoroughly settled. See The Harrisburg, 119 U.S. 199, 214, 7 S.Ct. 140, 30 L.Ed. 358. * * *"[3]

■ The complaint is deficient in that it fails to allege the institution of suit within the statutory period of one year. Even though "* * * a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim * * *",[4] the papers before me show that in no event can this deficiency be corrected and hence the complaint must be dismissed as to the movant-defendant without leave to plead over.

■ The second branch of the defendant's motion seeking a severance and entry of final judgment of dismissal is denied. There being no unusual circumstances, this case should be treated in its entirety as a single judicial unit as contemplated by the 1946 amendment of F.R.Civ.P. 54(b). In my view, that amendment suggests that the discretion to determine that there is no just reason for delay and to direct the entry of final judgment vested by the rules in district judges must be sparingly exercised to avoid piecemeal appeals.

There appears to be no reason why entry of final judgment in favor of the movant-defendant cannot await disposition of the entire case.

It is so ordered.

2. F.R.Civ.P. 12(b) (6); see Drabkin v. Gibbs & Hill, D.C.S.D.N.Y., 74 F.Supp. 758, 762.

3. Pollen v. Ford Instrument Co., 2 Cir., 108 F.2d 762, 763.

4. 2 Moore's Fed.Prac., 2d Ed., p. 2244.