BEMENT v. GRAND RAPIDS & INDIANA RAILWAY CO.

1. STATUTES—FEDERAL STATUTES—CONSTRUCTION—COURTS.
   In the construction of a Federal statute this court will be governed by the decisions of the Federal courts.

2. MASTER AND SERVANT—FEDERAL EMPLOYERS' LIABILITY ACT—LIMITATION OF ACTIONS—ESTOPPEL—FRAUD.
   An action under the Federal employers' liability act (U. S. Comp. Stat. 1913, §§ 8657-8665), not begun within two years from the date of its accrual, cannot be maintained because not brought within the time limited by the act; this statute creating a new right of action as well as limiting the time for bringing suit, estoppel by fraud may not be relied upon by plaintiff.[1]

---

[1] On constitutionality, application and effect of the Federal employers' liability act, generally, see notes in 47 L. R. A. (N. S.) 38; L. R. A. 1915C, 47.

Error to Kent; Barton, J., presiding. Submitted October 9, 1916. (Docket No. 82.) Decided December 21, 1916.

Case by George D. Bement, under the Federal employers' liability act (35 U. S. Stat. 65), against the Grand Rapids & Indiana Railway Company for personal injuries. Judgment of nonsuit. Plaintiff brings error. Affirmed.

*H. Monroe Dunham* and *John M. Dunham,* for appellant.

*James H. Campbell* (*Elvert M. Davis,* of counsel), for appellee.

KUHN, J. Section 6 of the Federal employers' liability act (35 U. S. Stat. 65, 4 U. S. Comp. Stat. 1913, pages 3912-3916), provides:

"No action shall be maintained under this act unless commenced within two years from the day the cause of action accrued."

The action in this case was not commenced within the two years prescribed by the statute, for the reason, as alleged by the plaintiff, that he relied upon certain fraudulent representations made to him by the defendant company, and that because of these fraudulent representations defendant company is estopped from asserting or setting up the statute of limitations as a bar to plaintiff's cause of action. It is the contention of the defendant that the rules which apply to ordinary statutes of limitations do not apply to a statute creating a right of action and a new liability and fixing therein the time in which that action may be commenced. This presents the sole question here for review.

The statute in question being a Federal statute, we

should be governed in its construction by the decisions of the Federal courts. While no decision of the United States Supreme Court involving the precise question here raised has been called to our attention, the exact question has had the consideration of the court of appeals of the District of Columbia in *Morrison* v. *Railroad Co.*, 40 App. Cas. D. C. 391, where it was said:

"* * * Plaintiff seeks to invoke the well-recognized rule that when a defendant, who relies upon an ordinary statute of limitations, has previously been guilty of deception or violation of duty toward the plaintiff, causing him to subject his claim to the statutory bar, such a defendant will be held to have wrongfully obtained an advantage, which, in good conscience, he is estopped to hold or plead. *Bailey* v. *Glover*, 21 Wall. 342; *Holman* v. *Bridge Co.*, 117 Iowa, 268 (90 N. W. 833, 62 L. R. A. 395, 94 Am. St. Rep. 293); *Chesapeake, etc., R. Co.* v. *Speakman*, 114 Ky. 628 (71 S. W. 633, 63 L. R. A. 193). The defendant, on the other hand, insists that under said act of 1906 there is no room for the application of the foregoing rule; that this statute confers a right to which is attached a condition that it be enforced within the stated period. The act in question creates a liability where none existed, and takes away defenses formerly available. Coupled with this enlargement of the liability of common carriers is the limitation that no action shall be maintained under the act 'unless commenced within one year from the time the cause of action accrued.' The ordinary statute of limitations confers upon a defendant the privilege of interposing a definite limitation of time as a bar to the enforcement of a liability existing independently of the statute defining the limitation. Such statutes, therefore, are merely limitations of the remedy. Statutes like the present are more. They create a right of action conditioned upon its enforcement within the prescribed period. The legislature, having the power to create the right, may affix the conditions under which it is to be enforced, and a compliance with those conditions is essential.

" 'The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all. * * * Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are therefore to be treated as limitations of the right.' *The Harrisburg,* 119 U. S. 214 (7 Sup. Ct. 140).

"See, also, *Walsh* v. *Mayer,* 111 U. S. 37 (4 Sup. Ct. 260). It is therefore necessary for one seeking to enforce a right under such a statute to state a case within it, and time is of the essence of the right."

In the case of *Partee* v. *Railroad Co.,* 204 Fed. 970 (123 C. C. A. 292, 51 L. R. A. [N. S.] 721), a statute which fixed liability and also the time in which action must be commenced was under consideration, and Judge Sanborn, in writing the opinion, said:

"A statute which in itself creates a new liability gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. Such a statute is an offer of an action on condition that it be commenced within the specified time. If the offer is not accepted in the only way in which it can be accepted, by a commencement of the action within the specified time, the action and the right of action no longer exist, and the defendant is exempt from liability. *The Harrisburg,* 119 U. S. 199 (7 Sup. Ct. 140) ; *Pollard* v. *Bailey,* 20 Wall. 520; *Fourth Nat. Bank* v. *Francklyn,* 120 U. S. 747 (7 Sup. Ct. 757) ; *Brunswick Terminal Co.* v. *National Bank,* 99 Fed. 635 (40 C. C. A. 22, 46 L. R. A. 625) ; *Pittsburg, etc., R. Co.* v. *Hine,* 25 Ohio St. 629; *Dennis* v. *Railroad Co.,* 70 S. C. 254 (49 S. E. 869, 106 Am. St. Rep. 746) ; *International Navigation Co.* v. *Lindstrom,* 60 C. C. A. 649 (123 Fed. 475)."

See, also, 8 Am. & Eng. Enc. Law (2d Ed.), p. 875; 13 Cyc. p. 339; 25 Cyc. p. 1021.

A positive distinction seems to be made between cases in which the limitation of time for bringing suit is contained in the statute which creates the liability and right of action and general statutes of limitations of the rights of action existing under other statutes or under the common law. In the former the limitation of time is a limitation of the right, and, as has been said, the suit cannot be maintained if not brought within the time limited. In the latter the limitation of time for bringing suit is a limitation of the remedy only, and it has been held that under such general statutes of limitation the defendant may be estopped from the benefit of the statute by an agreement waiving it, or by concealment or by fraud. The statute here in question creates a new liability, and takes away defenses formerly available, and the right of action therein created is conditioned upon its enforcement within a prescribed period. The action not having been brought within such period designated by the statute, it is lost, and the trial court ruled correctly in so holding.

The judgment of no cause of action is therefore affirmed.

STONE, C. J., and OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.