FOREST v PARMALEE

MILLS v PARMALEE

McGREGOR v MACOMB COUNTY ROAD COMMISSION

BURTON v STATE HIGHWAY DEPARTMENT

Docket Nos. 56973, 56974, 56794, 58647. Argued June 7, 1977 (Calendar Nos. 7–9).—Decided February 27, 1978.

> The issue on appeal in these cases is whether the two-year statute of limitation under the governmental tort liability act for suits alleging negligent maintenance of a highway violates equal protection of the laws.

> Gary L. Forest and James C. Mills brought actions for damages arising out of an automobile accident against Gerald L. Parmalee, Roy C. Davis, and the Gratiot County Road Commission. The Gratiot Circuit Court, Leo W. Corkin, J., granted accelerated judgment for the defendant road commission on the ground that the commission had been added as a party defendant after the two-year statute of limitations had expired. The Court of Appeals, Allen, P. J., and T. M. Burns and R. L. Smith, JJ., reversed and remanded on the ground that the statute was tolled while the circuit court had the motions to add the commission as a defendant under advisement (Docket Nos. 16910, 16911). 53 Mich App 505; 219 NW2d 806 (1974). On rehearing, the same panel of the Court of Appeals reversed their previous decision and affirmed the decision of the trial court. Plaintiffs appeal.

> Allison McGregor and Alzyque Thomas brought an action for damages arising out of an automobile accident against the Macomb County Road Commission. The Macomb Circuit Court, Howard R. Carroll, J., granted accelerated judgment for defend-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Constitutional Law §§ 277, 297, 494.

[2] 16 Am Jur 2d, Constitutional Law § 495.

[3] 39 Am Jur 2d, Highways, Streets, and Bridges § 341.

[4, 6, 8, 9] 51 Am Jur 2d Limitation of Actions §§ 27, 28.

[5] 40 Am Jur 2d, Highways and Streets § 581.

[7] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 681.

ant on the ground that the statute of limitations had expired. The Court of Appeals, D. E. Holbrook, P. J., and Danhof and N. J. Kaufman, JJ., affirmed per curiam (Docket No. 19072). Plaintiffs appeal.

Lillian T. Burton brought an action against the State Highway Department for damages arising when she tripped and fell on a sewer grating. The Court of Claims, Allan C. Miller, J., granted accelerated judgment for defendant on the ground that the statute of limitations had expired. The Court of Appeals, M. J. Kelly, P. J., and Bronson and Peterson, JJ., affirmed in a memorandum opinion (Docket No. 23855). Plaintiff appeals. *Held:*

Justice Blair Moody, Jr., joined by Justice Williams, wrote that there is no denial of equal protection:

1. A party attacking a statutory classification established in the exercise of the police power on equal protection grounds has the heavy burden of demonstrating that the classification lacks a reasonable basis. If a reasonable relationship exists between the governmental classification and a legitimate state interest, no denial of equal protection results.

2. The statute of limitations in the instant cases creates two classes of victims of highway tortfeasors. Those plaintiffs injured as the result of negligent maintenance of a highway by a public tortfeasor have two years in which to bring an action for damages, while those plaintiffs injured as the result of a private tortfeasor's negligence have three years.

3. The governmental tort liability act was intended to place victims of negligent highway maintenance on an "equal footing" as to the *substantive* right to proceed against a governmental tortfeasor. However, that same analysis should not be applied to all *procedural* requirements involved in such suits.

4. The Legislature, in creating a right, may place reasonable restrictions on the exercise of that right. Statutes of limitation are generally considered to be procedural. Therefore, they are to be upheld by courts unless it can be demonstrated that they are so harsh and unreasonable that they effectively divest plaintiffs of the access to the courts intended by the grant of the substantive right. Plaintiffs have not shown that this statute of limitations has operated arbitrarily or capriciously in barring their causes of action.

5. There is a rational basis for enacting a shorter statute of limitations for victims of governmental tortfeasors than for victims of private tortfeasors. A two-year statute of limitations constitutes a reasonable procedural requirement, unlike the

former 60-day notice requirement which was more harsh and arbitrary in its consequences. Furthermore, by setting a time limit of two years, the state is assured that plaintiffs will promptly conduct such investigations as necessary to determine the merits of their claims *and* will not be unduly dilatory in commencing their suits. Moreover, it is essential to the finances of government agencies to allow them to estimate with some degree of certainty the extent of their future tort obligations. No private party has a potential tort liability comparable to that of the government for allegedly defective or unsafe highway conditions. Finally the Court has, at least by implication, endorsed the Legislature's prerogative to create a separate two-year statute of limitations in at least two other cases involving the victims of governmental tortfeasors.

Justice Coleman, joined by Justice Ryan, concurred in the opinion by Justice Moody that the two-year statute of limitations does not violate equal protection of the laws, but wrote separately to restate the belief that the 120-day notice provision in the statute is also a reasonable condition on the state's grant of a right to seek recovery from a governmental agency.

Chief Justice Kavanagh and Justice Levin, with Justice Fitzgerald concurring, wrote that the challenged statute does not create two classifications among victims of the same tort. Since the government is the only party charged with maintenance of public highways, negligent highway maintenance will always be a governmental tort, and there is no constitutional impediment as long as all victims of the same tort are bound by the same limitation. The Constitution does not compel the Legislature to apply the same statute of limitations to all causes of action. Thus there is no disparate treatment of similarly situated persons and consequently no necessity for equal protection review.

The decisions of the Court of Appeals are affirmed.

60 Mich App 401; 231 NW2d 378 (1975) affirmed.

OPINION OF THE COURT

1. STATUTES—POLICE POWER—EQUAL PROTECTION.

A party attacking a statutory classification established in the exercise of the police power on equal protection grounds has the heavy burden of demonstrating that the classification lacks a reasonable basis; if a reasonable relationship exists between the governmental classification and a legitimate state interest,

no denial of equal protection exists (US Const, Am XIV; Const 1963, art 1, § 2).

2. STATUTES—POLICE POWER—EQUAL PROTECTION.

The Legislature has a broad range of discretion in establishing statutory classifications in the exercise of the police power (US Const, Am XIV; Const 1963, art 1, § 2).

3. HIGHWAYS—GOVERNMENTAL TORT LIABILITY ACT—RIGHT OF ACTION.

The governmental tort liability act was intended to place victims of negligent highway maintenance on "equal footing" as to the substantive right to proceed against a governmental tortfeasor; however, that same analysis should not be applied to all procedural requirements involved in such suits (MCL 691.1401 *et seq.;* MSA 3.996[101] *et seq.*).

4. LIMITATION OF ACTIONS—EQUAL PROTECTION.

Statutes of limitation are generally considered to be procedural requirements which are to be upheld by courts as constitutional unless it can be demonstrated that they are so harsh and unreasonable in their consequences that they effectively divest plaintiffs of the access to the courts intended by the grant of the substantive right.

5. HIGHWAYS—GOVERNMENTAL TORT LIABILITY ACT—LIMITATION OF ACTIONS—EQUAL PROTECTION.

There is a rational basis for enacting a shorter statute of limitations for victims of governmental tortfeasors than for victims of private tortfeasors; the two-year statute of limitations for claims arising from negligent highway maintenance is a reasonable procedural requirement and thus does not violate equal protection provisions of the Constitution (US Const, Am XIV; Const 1963, art 1, § 2; MCL 600.5805[7], 691.1411; MSA 3.996[111], 27A.5805[7]).

6. HIGHWAYS—GOVERNMENTAL TORT LIABILITY ACT—LIMITATION OF ACTIONS—EQUAL PROTECTION.

The two-year statute of limitations for suits alleging negligent highway maintenance by a governmental agency is neither arbitrary nor capricious; therefore, it does not deny the equal protection of the laws (US Const, Am XIV; Const 1963, art 1, § 2; MCL 691.1411; MSA 3.996[111]).

CONCURRING OPINION BY COLEMAN, J.

RYAN, J.

7. HIGHWAYS—GOVERNMENTAL TORT LIABILITY ACT—RIGHT OF ACTION —NOTICE PROVISION.

*The 120-day notice provision in the governmental tort liability*

*act is a reasonable condition on the state's grant of a right to seek recovery from a governmental agency (MCL 691.1404; MSA 3.996[104]).*

SEPARATE OPINION BY KAVANAGH, C. J., and LEVIN, J.

FITZGERALD, J.

8. HIGHWAYS—LIMITATION OF ACTIONS—EQUAL PROTECTION.

*The two-year statute of limitation under the governmental tort liability act for suits alleging negligent maintenance of a highway does not deny equal protection of the laws; the statute does not create two classifications among victims of the same tort because the only obligation is imposed on governmental agencies, and the tort will always be the governmental tort of negligent highway maintenance (US Const, Am XIV; Const 1963, art 1, § 2; MCL 691.1402, 691.1411; MSA 3.996[102], 3.996[111]).*

9. LIMITATION OF ACTIONS—EQUAL PROTECTION.

*The Constitution does not compel the Legislature to apply the same statute of limitations to all causes of action (US Const, Am XIV; Const 1963, art 1, § 2).*

*Robert L. Douglas* for plaintiffs Forest and Mills.

*Fortino, Plaxton & Moskal* for defendant Gratiot County Road Commissioners.

*Bain & Shapero* (by *Gerald D. Wohl*) for plaintiffs McGregor and Thomas.

*Daner, Freeman, McKenzie & Matthews, P. C.,* for defendant Macomb County Road Commission.

*Peter Dozorc* (*Ronald M. Barron,* of counsel) for plaintiff Burton.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso, Francis J. Carrier* and *Myron A. McMillan,* Assistants Attorney General, for defendant State Highway Department.

BLAIR MOODY, JR., J.

## I. THE QUESTION

The single question engendered by these consolidated cases is whether the two-year statute of limitations provided for in 1964 PA 170 violates equal protection mandates and is therefore unconstitutional. See MCLA 691.1411; MSA 3.996(111).

## II. FACTS

### 1. Forest and Mills

Plaintiffs Forest and Mills were injured when Forest drove his car into an excavation for a drainage construction project on August 10, 1970. The plaintiffs filed separate complaints against defendants Parmalee and Davis, private excavators and contractors, who were performing the drainage construction work pursuant to a contract with the county drain commission. An amended complaint adding the Gratiot County Board of Road Commissioners as parties defendant was filed on October 27, 1972. The trial judge granted defendant county road board's motion for accelerated judgment, GCR 1963, 116.1(5), based on the two-year statute of limitations in MCLA 691.1411; MSA 3.996(111).

### 2. McGregor and Thomas

Plaintiffs McGregor and Thomas were driver and passenger in a car which fell into a depression on the edge of Eleven Mile Road in Warren on October 2, 1970. On October 22, 1970, the plaintiffs filed a notice of intent to file a claim with the Court of Claims. Settlement efforts were unsuccessful. On September 27, 1973, the plaintiffs sued defendant Macomb County Road Commission for injuries allegedly caused by negligent repair and

maintenance of Eleven Mile Road. The trial judge granted the defendant's motion for accelerated judgment, GCR 1963, 116.1(5), based on the two-year statute of limitations in MCLA 691.1411; MSA 3.996(111).

*3. Burton*

On July 3, 1972, plaintiff Burton tripped and fell on an exposed manhole cover while crossing the street at the corner of Grand River Avenue and Woodward Avenue in downtown Detroit. Suit was filed against defendant State Highway Department on July 17, 1974. The judge granted the defendant's motion for accelerated judgment, GCR 1963, 116.1(5), on the grounds that the two-year statute of limitations had expired. MCLA 691.1411; MSA 3.996(111).

The plaintiffs in these cases appealed the dismissals. The Court of Appeals affirmed each dismissal. This Court granted leave to appeal in these cases on October 29, 1976, and November 1, 1976. 397 Mich 885, 887, 889. The cases were subsequently consolidated and heard together.

## III. Equal Protection

The plaintiffs contend that the two-year statute of limitations applicable to suits brought against governmental tortfeasors for injuries resulting from negligently maintained highways is violative of equal protection[1] because the comparable statute of limitations applicable to the same suits brought against private tortfeasors is three years.

The plaintiffs do not dispute that these cases arose under § 2 of the governmental liability act, MCLA 691.1401 *et seq;* MSA 3.996(101) *et seq.* Section 2, MCLA 691.1402; MSA 3.996(102), in its

---

[1] US Const, Am XIV; Const 1963, art 1, § 2.

pertinent part, allows for recovery against a governmental unit for injuries resulting from a negligently maintained highway:

"Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency. The liability, procedure and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in section 21, chapter 4 of Act No. 283 of the Public Acts of 1909, as amended, being section 224.21 of the Compiled Laws of 1948."

The statute of limitations under which the accelerated judgments in the instant cases were granted is MCLA 691.1411; MSA 3.996(111):

"(1) Every claim against any governmental agency shall be subject to the general law respecting limitations of actions except as otherwise provided in this section.
"(2) *The period of limitations for claims arising under section 2 of this act shall be 2 years.*
"(3) The period of limitations for all claims against the state, *except those arising under section 2 of this act,* shall be governed by chapter 64 of Act No. 236 of the Public Acts of 1961." (Emphasis supplied.)

The thrust of plaintiffs' attack on the two-year statute of limitations is that the Legislature has created an arbitrary and unreasonable classification scheme by permitting plaintiffs injured by private tortfeasors three years in which to assert their claims, MCLA 600.5805(7); MSA 27A.5805(7),

while granting those plaintiffs injured by governmental tortfeasors a year less.[2] *Fox v Employment Security Commission,* 379 Mich 579, 588; 153 NW2d 644 (1967).

Before examining the precise question before us, we should set forth the general principles for reviewing alleged equal protection violations.

A party attacking a statutory classification on equal protection grounds has the heavy burden of demonstrating that the classification lacks a reasonable basis.[3] If a reasonable relationship exists between the governmental classification and a legitimate state interest, no denial of equal protection results.

"Other legislation, principally social and economic, is subjected to review under the traditional equal protection test. The burden is on the person challenging the classification to show that it is without reasonable justification. It has been said that '[a] statutory discrim-

[2] Plaintiffs Forest and Mills raise an additional issue: whether the two-year statute of limitations is applicable to a county road commission or whether it was repealed by implication. Plaintiffs submit that MCLA 691.1402; MSA 3.996(102), *supra,* states that liability as to county roads shall be as provided in 1909 PA 283, ch 4, § 21, as amended, being MCLA 224.21; MSA 9.121. However, examination of the latter statute discloses that "[t]he provisions of law respecting the liability of townships, cities, villages and corporations for damages for injuries resulting from a failure in the performance of the same duty respecting roads under their control" shall apply to counties adopting the county road system. The statute last referred to was found at MCLA 242.1 *et seq.;* MSA 9.591 *et seq.,* which was repealed by MCLA 691.1414; MSA 3.996(114). Hence, the liability of defendant is to be found in MCLA 691.1402; MSA 3.996(102), *supra,* and the two-year limitation applies.

See also *Yarger v City of Hastings,* 375 Mich 413, 416; 134 NW2d 726 (1965), and the cases cited therein.

[3] We reject outright the contention that we are dealing with a *fundamental* right and therefore should employ the "strict scrutiny" equal protection test. The Legislature permitted the instant right of action and therefore may place a reasonable time limit on plaintiffs' exercise of that right. *Bement v Grand Rapids & I R Co,* 194 Mich 64; 160 NW 424 (1916), and *Minty v Board of State Auditors,* 336 Mich 370; 58 NW2d 106 (1953).

ination will not be set aside if any state of facts reasonably may be conceived to justify it'. A classification will stand unless it is shown to be 'essentially arbitrary'. Few statutes have been found so wanting in 'rationality'· as to fail to satisfy the 'essentially arbitrary' test." *Manistee Bank & Trust Co v McGowan,* 394 Mich 655, 668; 232 NW2d 636 (1975).

State legislatures, therefore, have a broad range of discretion in establishing classifications in the exercise of their police powers. *Fox v Employment Security Commission, supra.*

In the instant cases, the statute in question does effectively separate the victims of highway tortfeasors into two classes.[4] Those plaintiffs injured as a result of the negligent maintenance of a highway by a public tortfeasor have their rights of action cut off after two years. Their counterparts, who are injured under the same circumstances but through the negligence of private tortfeasors, have three years within which to press their causes of action.

Significantly, plaintiffs here presented us with no cogent showing that the statute of limitations has operated arbitrarily or capriciously in barring their causes of action. Instead, they rely almost entirely on *Reich v State Highway Department,* 386 Mich 617; 194 NW2d 700 (1972), for their legal analysis and conclusion.

*Reich* recognized that two classes of victims were established by requiring notice of suit be given to public tortfeasors within 60 days while only requiring that suits against similarly situated private tortfeasors be filed within the three-year

---

[4] We do not agree with defendants' contention that only one class of victims exist: victims of governmental tortfeasors. We agree with plaintiffs' assertion that two classes are involved: the victims of governmental tortfeasors and the victims of nongovernmental (private) tortfeasors.

statute of limitations. *Reich* held that a 60-day *notice requirement* found in MCLA 691.1404; MSA 3.996(104) arbitrarily barred actions by the victims of governmental highway negligence and thus violated equal protection strictures.

The *Reich* majority believed that the 60-day special notice limitation was unduly restrictive, as opposed to the three-year statute of limitations, in light of the "legislature's intention to place victims of negligent conduct on equal footing". *Reich, supra,* 623. The dissent in *Reich* theorized that the instant two-year statute of limitations could conceivably fall under the majority's "equal footing" rationale. *Reich, supra,* 626.

While we accept the majority's analysis in *Reich* that the 60-day notice requirement in that case was arbitrary and thus violative of equal protection, we do not agree that the two-year statute must fall under the same rationale.

The *Reich* Court was correct in reasoning that the Legislature, *inter alia,* intended to place victims of negligent highway maintenance on "equal footing" as to the *substantive* right to proceed against a governmental tortfeasor. However, we do not believe the Court intended that the same analysis should apply to *all procedural* requirements involved in bringing such suits. Justice T. M. KAVANAGH recognized this same substantive-procedural distinction in *Grubaugh v St Johns,* 384 Mich 165, 173–174; 180 NW2d 778 (1970):

"The statute in question, by waiving immunity from liability, puts the state and its municipalities upon the same legal footing and subject to the same *substantive* rules which are applied to any controversy involving a negligent tortfeasor.

"The *substantive* right to proceed against the governmental tortfeasor, as distinguished from merely *proce-*

*dural* requirements, must arise under the same conditions and undiminished by any special exemption as any other comparable cause of action." (Emphasis supplied.)

Statutes of limitation are generally considered to be procedural requirements. *Buscaino v Rhodes,* 385 Mich 474; 189 NW2d 202 (1971). We submit that as procedural requirements these statutes of limitation are to be upheld by courts unless it can be demonstrated that they are so harsh and unreasonable in their consequences that they effectively divest plaintiffs of the access to the courts intended by the grant of the substantive right.

In *Carver v McKernan,* 390 Mich 96, 99; 211 NW2d 24 (1973), now Chief Justice T. G. KAVANAGH, in the same vein, succinctly stated why this Court will void notice requirements such as the one considered in *Reich* while acquiescing in statutes of limitation such as the one at issue here:

"At the outset, we acknowledge frankly that statutes which limit access to the courts by people seeking redress for wrongs are not looked upon with favor by us. We acquiesce in the enforcement of statutes of limitation when we are not persuaded that they unduly restrict such access, but we look askance at devices such as notice requirements which have the effect of shortening the period of time set forth in such statutes."

In the instant case, we are persuaded that there is a rational basis for enacting a shorter statute of limitations for victims of governmental tortfeasors than for victims of private tortfeasors. *Reich* can be distinguished on the quite reasonable grounds that a two-year statute of limitations places significantly less of a hardship upon plaintiffs than does the *Reich* 60-day notice requirement. The 60-day

notice requirement was unreasonable because it unduly restricted the substantive right to proceed against the governmental tortfeasor. The two-year statute of limitations constitutes a reasonable procedural requirement which is not nearly as harsh or arbitrary in its consequences for plaintiffs.

Therefore, we determine that the decision in *Reich* as to the notice requirement does not dictate that we also must hold the instant statute of limitations unreasonable in these cases and thus violative of equal protection.

Furthermore, we would submit that a rational basis does exist for a two-year statute of limitations as to claims by victims of governmental tortfeasors as opposed to claims by victims of private tortfeasors. The statute unquestionably affords plaintiffs a reasonable time within which to commence suit. However, by setting a time limit of two years, the state is assured that plaintiffs will promptly conduct such investigations as necessary to determine the merits of their claims *and* will not be unduly dilatory in commencing their suits. This is especially important in times such as these when governments are continually launching highway improvement programs.

Moreover, the statute is essential to the organization of the finances of state and local government agencies in that it allows them to estimate with some degree of certainty the extent of their future financial obligations. It cannot be overlooked that no private party has a potential tort responsibility comparable to that of the government for injuries allegedly caused by defective or unsafe conditions of highways.[5]

---

[5] See also, Cooperrider, *The Court, the Legislature, and Governmental Tort Liability in Michigan,* 72 Mich L Rev 187, 267–275 (1973).

Cooperrider opines, *inter alia,* that it was not the Legislature's intent to place governmental units on an equal footing with private tortfeasors as to all procedural rights.

Finally, it should not go unnoticed that this Court has at least impliedly endorsed the Legislature's prerogative to create a separate two-year statute of limitations in at least two cases involving the victims of governmental tortfeasors. *Carver v McKernan, supra; Hobbs v Department of State Highways,* 398 Mich 90; 247 NW2d 754 (1976).[6]

In *Carver,* this Court did not find a six-month notice requirement in the Motor Vehicle Accident Claims Act, MCLA 257.1118; MSA 9.2818, constitutionally deficient. The Court only required the state to make a showing of prejudice by plaintiff's failure to give such notice before the plaintiff's claim could be dismissed.

In *Hobbs,* the Court reached the identical conclusion as in *Carver* regarding a 120-day notice provision in the governmental liability act in question here. Furthermore, the Court specifically held that the two-year statute of limitations at issue here was the statute of limitations to be applied:

"The Court of Appeals held that because this action was brought under § 2, and because the period of limitation for these actions is two years, this claim was timely filed as it was brought within two years after it arose.

\*      \*      \*

"We agree with the Court of Appeals that the provisions of the governmental liability act, 1964 PA 170, MCLA 691.1402, MCLA 691.1411; MSA 3.996(102), MSA 3.996(111), control this case." *Hobbs, supra,* 94–95.

## IV. CONCLUSION

Plaintiffs have presented us with no cogent showing that the instant statute of limitations has operated arbitrarily or capriciously in barring

[6] See also *Gray v Nelson,* 533 F2d 334 (CA 6, 1976).

their causes of action. The law has long held that, in creating a right, the Legislature may place reasonable restrictions on the exercise of that right. *Bement v Grand Rapids & I R Co,* 194 Mich 64; 160 NW 424 (1916). In giving plaintiffs the right to sue the state, *Minty v Board of State Auditors,* 336 Mich 370; 58 NW2d 106 (1953), the Legislature placed a specific time limit on plaintiffs' exercise of that right. This time limit is neither arbitrary nor capricious. Therefore, it cannot be said that it violates equal protection of the law.

Affirmed. No costs, a public question.

Williams, J., concurred with Blair Moody, Jr., J.

Coleman, J. *(concurring).* We concur in Justice Moody's opinion but write separately to state our belief that *Reich v State Highway Department,* 386 Mich 617; 194 NW2d 700 (1972), was wrongly decided. See the dissent in *Hobbs v Department of State Highways,* 398 Mich 90, 97, 102; 247 NW2d 754 (1976). In *Hobbs,* the dissent stated concerning a 120-day notice, that it

"does not unreasonably restrict the right to seek recovery. It insures that the state will have a fair chance to defend any action. It permits the state to conduct prompt investigation and determine what should be done. The Legislature has permitted suits where none are allowed as a right. The 120-day notice provision is a reasonable condition on that permission."

As Justice Moody says, the two-year statute of limitations "affords plaintiffs a reasonable time

within which to commence suit". It "is neither arbitrary nor capricious". It does not violate equal protection of the law.

RYAN, J., concurred with COLEMAN, J.

KAVANAGH, C. J., and LEVIN, J. We agree that there is no violation of the equal protection clause inherent in the two-year statute of limitations provided under MCLA 691.1411; MSA 3.996(111).

Because we reject the appellant's assertion that the statute here in question creates two classifications among victims of the same tort, we do not engage in an equal protection analysis of appellant's asserted classes of victims, one in which the tortfeasors are supposedly private parties, and another in which the tortfeasors are governmental agencies.

Rather, we read MCLA 691.1402; MSA 3.996(102) as the legislative imposition of an obligation on various governmental agencies to maintain highways in a safe manner. There is neither an explicit nor implied mention of an obligation to be imposed upon any private parties under this statute. Since the government is the only party charged with maintenance of our public highways, negligent highway maintenance will always be a governmental tort. We find no constitutional impediment with respect to a statute of limitations as long as all of the victims of the same tort, in this case, negligent highway maintenance, are bound by the same limitation.

The statutes of limitation contain a large number of classifications. The general contract limitation is six years, but some actions must be brought

within two years while others may be maintained if brought within ten years.[1]

Similarly, the general "tort" statute of limitation is three years, but some actions must be brought within one year and others within two years.[2] An action for malpractice must be brought

---

[1] MCLA 600.5807; MSA 27A.5807:

"No person may bring or maintain any action to recover damages or sums due for breach of contract, or to enforce the specific performance of any contract unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

"(1) The period of limitations on actions charging any surety on any bond of any executor, administrator, guardian is 4 years after the discharge of the executor, administrator, or guardian.

"(2) The period of limitations is 10 years for actions founded upon bonds of public officers.

"(3) The period of limitations on actions founded upon bonds executed under sections 41.80 and 41.81 of the Compiled Laws of 1948, is 2 years after the expiration of the year for which the constable was elected.

"(4) The period of limitations is 10 years for actions founded upon covenants in deeds and mortgages of real estate.

"(5) The period of limitations is 2 years for actions charging any surety for costs.

"(6) The period of limitations is 2 years for actions brought on bonds or recognizances given on appeal from any court in this state.

"(7) The period of limitations is 10 years for actions on bonds, notes, or other like instruments which are the direct or indirect obligation of, or were issued by although not the obligation of, the state of Michigan or any county, city, village, township, school district, special assessment district, or other public or quasi-public corporation in the state of Michigan.

"(8) The period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract."

[2] MCLA 600.5805; MSA 27A.5805:

"No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

"(1) The period of limitations is 2 years for actions charging assault, battery, and false imprisonment.

"(2) The period of limitations is 2 years for actions charging malicious prosecution.

"(3) The period of limitations is 2 years for actions charging malpractice.

Opinion by KAVANAGH, C. J., and LEVIN, J.

within two years with the result that while three years governs the time for commencing most negligence actions, actions claiming negligence of a professional must be brought within two years.

The Constitution simply does not compel the Legislature to apply the same statute of limitations to all causes of action.

Therefore, since all victims of the tort of negligent highway maintenance are bound to initiate their legal actions within a two-year statute of limitation, we perceive no disparate treatment of similarly situated persons and consequently no necessity for equal protection review.

FITZGERALD, J., concurred with KAVANAGH, C. J., and LEVIN, J.

"(4) The period of limitations is 2 years for actions against sheriffs charging misconduct or neglect of office by themselves or their deputies.

"(5) The period of limitations is 2 years after the expiration of the year for which a constable was elected for actions based on his negligence or misconduct as constable.

"(6) The period of limitations is 1 year for actions charging libel or slander.

"(7) The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property."