ROWAN v SOUTHLAND CORPORATION

Docket No. 77-4931. Submitted March 6, 1979, at Detroit.—Decided May 2, 1979.

Rose Rowan and Donald Rowan, husband and wife, brought an action against the Southland Corporation and Martin L. Durlacher and Kathryn Durlacher. The complaint alleged that defendants were owners of a party store at which Wayne L. Bradford, a minor, was allowed to purchase a twelve-pack of beer, that Bradford later became intoxicated as a result of consuming the beer, lost control of his automobile and struck an automobile driven by Rose Rowan, causing her injury. The complaint further alleged a violation of the dramshop act as well as negligence in failing to supervise employees and negligence in selling intoxicating beverages to a minor. Wayne Circuit Court, Irwin H. Burdick, J., held that plaintiffs' exclusive remedy against defendants was an action under the dramshop act, that their complaint alleged no common-law cause of action, and that failure to "name and retain" the allegedly intoxicated person rendered their complaint fatally defective. Judgment for defendants. Plaintiffs appeal. *Held:*

1. An injured person who brings an action under the dramshop act is required to name and retain the allegedly intoxicated person causing his injury as a party defendant.

2. The "name and retain" amendment to the dramshop act does not violate due process nor place an undue restriction on a plaintiff's right of access to the courts because a reasonable relationship exists between the legislative classification and a legitimate state interest.

3. The Legislature has the power to define what parties are essential to a cause of action which is wholly their own creation.

4. The "name and retain" amendment to the dramshop act is germane and incidental to the purpose of the liquor control act,

REFERENCES FOR POINTS IN HEADNOTES
[1, 3-7, 9] 45 Am Jur 2d, Intoxicating Liquors §§ 561, 566.
[2] 16 Am Jur 2d, Constitutional Law § 287.
[8] 45 Am Jur 2d, Intoxicating Liquors §§ 561, 562.

which is the regulation and control of liquor traffic; therefore, there is no title-object violation of the constitution.

5. The "name and retain" amendment to the dramshop act does not confer a special privilege on a small class of persons in violation of the equal protection clause of the constitution; instead, far from being a grant of a privilege, it is simply a limitation on the greater liability imposed upon liquor dealers by the dramshop act.

6. The plaintiffs have not stated a common-law cause of action in negligence for injuries arising out of unlawful sales to minors because the dramshop act is the exclusive remedy for injuries arising out of unlawful sales, including sales to minors, by licensed retailers.

7. Under the "name and retain" amendment to the dramshop act the plaintiff is not free to settle with the intoxicated person before bringing an action against the liquor licensee.

Affirmed.

1. INTOXICATING LIQUORS — DRAMSHOP ACT — "NAME AND RETAIN" — INTOXICATED PERSONS.

An injured person who brings an action under the dramshop act is required to "name and retain" the allegedly intoxicated person causing his injury as a party defendant (MCL 436.22; MSA 18.993).

2. STATUTES — LEGISLATURE — CREATION OF RIGHTS — REASONABLE RESTRICTIONS.

The Legislature, in creating a right, may place reasonable restrictions on the exercise of that right.

3. INTOXICATING LIQUORS — STATUTES — DRAMSHOP ACT — "NAME AND RETAIN" — REASONABLE CLASSIFICATION — DUE PROCESS.

The "name and retain" amendment to the dramshop act does not violate due process or place an undue restriction on a plaintiff's right of access to the courts; a rational basis for the enactment of the "name and retain" amendment is demonstrated by (1) reduction of tavern-owner liability by restricting recourse to the dramshop act, (2) elimination of token settlements between plaintiffs and intoxicated persons followed by assistance to plaintiff in an action against a tavern owner, and (3) discouraging possible collusion and perjury by those too weak to resist the obvious temptations inherent in the original dramshop act (MCL 436.22; MSA 18.993).

4. INTOXICATING LIQUORS — DRAMSHOP ACT — "NAME AND RETAIN"
   — FORCED JOINDER OF PARTIES — CONSTITUTIONAL LAW —
   COURT RULES.

   The "name and retain" provision of the dramshop act establishes
   a forced joinder of a defender and the intoxicated person;
   however, the provision does not usurp the rulemaking power of
   the Supreme Court because another court rule mandates forced
   joinder of parties whose presence is essential to enable a court
   to render complete relief (Const 1963, art 6, § 5, MCL 436.22;
   MSA 18.993, GCR 1963, 205, 206).

5. INTOXICATING LIQUORS — LEGISLATURE — STATUTES — DRAMSHOP
   ACT — "NAME AND RETAIN" — FORCED JOINDER OF PARTIES.

   The Legislature has the power to define what parties are essen-
   tial to a cause of action which is wholly their own creation;
   therefore, although joint tortfeasors were not required to be
   joined in one action at common law, there is no violation of the
   rulemaking power of the Supreme Court by legislation which
   forces the joinder of a liquor retailer and an allegedly intoxi-
   cated person in a cause of action under the dramshop act under
   the "name and retain" amendment to that act, because both
   the act and the amendment are wholly statutory (MCL 436.22;
   MSA 18.993).

6. INTOXICATING LIQUORS — DRAMSHOP ACT — "NAME AND RETAIN"
   — FORCED JOINDER OF PARTIES — CONSTITUTIONAL LAW —
   TITLE-OBJECT CLAUSE — LIQUOR CONTROL ACT — PURPOSE OF
   ACT.

   Forced joinder of a liquor retailer and an allegedly intoxicated
   person pursuant to the "name and retain" amendment to the
   dramshop statute does not violate the title-object clause of the
   constitution because the amendment reduces tavern-owner lia-
   bility, eliminates token settlements between plaintiff and an
   intoxicated tortfeasor and discourages collusion and perjury
   and is not beyond the scope of the title or object of the liquor
   control act and is germane and incidental to the purpose of the
   act, which is the regulation and control of liquor traffic (Const
   1963, art 4, § 24, MCL 436.22; MSA 18.993).

7. INTOXICATING LIQUORS — DRAMSHOP ACT — "NAME AND RETAIN"
   — CONSTITUTIONAL LAW — EQUAL PROTECTION CLAUSE — LIA-
   BILITY OF LIQUOR DEALERS.

   The "name and retain" amendment to the dramshop act which
   requires a plaintiff to join allegedly intoxicated tortfeasors in
   an action against a tavern owner does not confer a special
   privilege on a small class of persons in violation of the equal

protection clause of the constitution because the dramshop act imposes a duty upon liquor retailers which is greater than that imposed on others and creates a potential liability to which other persons are not exposed; therefore, far from being a grant of privilege, the "name and retain" provision is simply a limitation on the greater liability imposed upon liquor dealers (MCL 436.22; MSA 18.993).

8. INTOXICATING LIQUORS — DRAMSHOP ACT — SALES TO MINORS — CAUSES OF ACTION — NEGLIGENCE — EXCLUSIVE REMEDY.

A complaint allegedly stating a common-law cause of action in negligence for injuries arising out of the unlawful sale of alcoholic beverages to minors by a liquor retailer alleges nothing more than a violation of the retailer's duty not to sell to minors and does not state a common-law cause of action because the dramshop act is the exclusive remedy for injuries arising out of unlawful sales, including sales to minors, by licensed retailers (MCL 436.22; MSA 18.993).

9. INTOXICATING LIQUORS — DRAMSHOP ACT — "NAME AND RETAIN" — SETTLEMENTS — CAUSES OF ACTION.

The "name and retain" amendment to the dramshop act requires a plaintiff to bring an action against both a licensed dispenser of intoxicants and the alleged intoxicated person; thereafter the plaintiff is allowed to reach a settlement with one or both parties; however, the plaintiff is not free to circumvent the requirements of the dramshop act by waiting until a settlement has been reached with the allegedly intoxicated person before bringing an action against the liquor licensee (MCL 436.22; MSA 18.993).

*Philo, Atkinson, Darling, Steinberg & Harper,* for plaintiffs.

*Law Offices of Nazar Berry* (by *Barry M. Kelman*), for defendants.

Before: N. J. KAUFMAN, P.J., and T. M. BURNS and R. M. MAHER, JJ.

PER CURIAM. Plaintiffs appeal from the order of the trial court granting defendants' motion for accelerated judgment of their complaint for failure to name the alleged intoxicated person as a defen-

dant, as required by the dramshop act, MCL 436.22; MSA 18.993.

Plaintiffs' complaint alleged that defendants were owners of a party store at which one Wayne L. Bradford, a minor, purchased a twelve-pack of beer. Bradford became intoxicated as a result of consuming the beer, lost control of his automobile and struck an automobile driven by plaintiff Rose Rowan, causing her injury. The complaint alleged violation of the dramshop act as well as negligence in failing to supervise employees and negligence in selling intoxicating beverages to a minor. The trial court held that plaintiffs' exclusive remedy as against defendants was an action under the dramshop act, that their complaint alleged no common-law cause of action and that failure to name and retain the alleged intoxicated person rendered their complaint fatally defective.

On appeal, plaintiffs mount a broad constitutional attack on the name and retain provision and claim in addition that their complaint stated a cause of action for common-law negligence. We reject both claims, and affirm the trial court.

Plaintiffs first contend that the name and retain provision denies them their First Amendment right of free access to the courts, "a 'fundamental right' which triggers application of the 'strict scrutiny' test of Fourteenth Amendment jurisprudence." We assume that plaintiffs intend by this to raise a claim of violation of due process by denial of a fundamental right. However, the Supreme Court recently rejected out of hand the contention that a legislatively created cause of action constitutes a *fundamental* right requiring strict scrutiny of any restrictions imposed thereon by the Legislature, *Forest v Parmalee,* 402 Mich 348; 262 NW2d 653 (1978).

The Court in *Forest, supra,* applied the traditional "rational basis" test in upholding the two-year statute of limitations on actions against governmental units for negligent maintenance of highways against an equal protection attack, saying:

"The law has long held that, in creating a right, the Legislature may place reasonable restrictions on the exercise of that right. *Bement v Grand Rapids & I R Co,* 194 Mich 64; 160 NW 424 (1916). In giving plaintiffs the right to sue the state, *Minty v Board of State Auditors,* 336 Mich 370; 58 NW2d 106 (1953), the Legislature placed a specific time limit on plaintiffs' exercise of that right. This time limit is neither arbitrary nor capricious. Therefore, it cannot be said that it violates equal protection of the law." *Forest v Parmalee, supra,* at 362.

Similarly, this Court has upheld the name and retain provision of the dramshop act against the claim that it arbitrarily created two classes of plaintiffs, saying:

"The 'name and retain' provision will, to some extent, reduce tavern-owner liability by restricting recourse to the dramshop act. The provision will eliminate the common practice whereby the intoxicated person enters into a settlement with the injured plaintiff for a token sum, and thereafter energetically assists the plaintiff with the prosecution of a suit against the tavern owner. The provision will also discourage possible collusion and perjury by those too weak to resist the obvious temptation inherent in the original dramshop act which has now been recognized by the Legislature and corrected through this amendment.

"These considerations constitute a rational basis for the enactment of the 'name and retain' portion of the amendment." *Salas v Clements,* 57 Mich App 367, 372; 226 NW2d 101 (1975), *rev'd on other grounds* 399 Mich 103; 247 NW2d 889 (1976).

For those same reasons, we find no violation of due process and no undue restriction of plaintiffs' right of access to the courts.

Plaintiffs also claim that the name and retain provision usurps the rulemaking power of the Supreme Court, in violation of Const 1963, art 6, § 5, by establishing a "forced joinder" provision which conflicts with the "permissive joinder" rule of GCR 1963, 206. This argument, however, ignores GCR 1963, 205, which mandates "forced joinder" of parties whose presence is essential to enable the court to render complete relief. Although joint tortfeasors were not required to be joined in one action at common law, see *Donlin v Detroit United Railway,* 198 Mich 327; 164 NW 447 (1917), the cause of action created by the dramshop act is wholly statutory, *Salas v Clements, supra.* We think that the Legislature has the power to define what parties are essential to a cause of action which is wholly their own creation.

Plaintiffs also allege that the name and retain provision violates the title-object clause of our constitution, Const 1963, art 4, § 24, by incorporating a provision governing judicial procedure in an act intended to regulate alcoholic beverages. However, this Court has rejected the same argument against the limitation of actions provision of the same statute, *Gray v Blackman,* 30 Mich App 212; 186 NW2d 76 (1971). We see no reason to reach a different result with regard to the name and retain provision.

Plaintiffs' final constitutional argument is that the dramshop act confers a special privilege on a small class of persons, in violation of Const 1963, art 1, § 2, the equal protection provision of our constitution. The thrust of plaintiffs' argument appears to be that by requiring joinder of the

alleged intoxicated persons, the statute confers on liquor retailers an additional protection against liability not accorded other tortfeasors. Such an argument is absurd on its face. In fact, the statute imposes a duty upon liquor retailers which is greater than that imposed on others, and creates a potential liability to which other persons are not exposed, see *Guitar v Bieniek,* 402 Mich 152; 262 NW2d 9 (1978). Far from being a grant of privilege, the name and retain provision is simply a limitation on the greater liability imposed upon liquor retailers.

In addition to challenging the constitutionality of the name and retain provision, plaintiffs contend that their complaint stated a common-law cause of action for negligence. Plaintiffs' complaint alleged that defendants were negligent in failing to supervise and to train their employees to guard against unlawful sales to minors. They now argue that there exists a common-law duty to supervise and to train employees to avoid unlawful sales independent of and distinct from the liability for the consequences of an unlawful sale which the dramshop act imposes. Plaintiffs emphasize that the negligence they allege occurred *prior* to the sale. However, it is indisputable that, absent a sale, no cause of action against defendants would have arisen. We conclude that the allegations in plaintiffs' complaint allege nothing more than a violation of defendants' duty not to sell intoxicants to minors. Compare *Manuel v Weitzman,* 386 Mich 157; 191 NW2d 474 (1971), and *Grasser v Fleming,* 74 Mich App 338; 253 NW2d 757 (1977). Because the dramshop act is the exclusive remedy for injuries arising out of unlawful sales—including sales to minors—by licensed retailers, plaintiffs

have stated no common-law cause of action, *Manuel v Weitzman, supra.* [1]

Plaintiffs argue that they should be exempted from compliance with the name and retain provision because it would be a futile act to join the allegedly intoxicated person at this stage. Plaintiffs earlier brought an action against the alleged intoxicated person, and reached a settlement with him. If joined in the present action, the putative drunk could successfully move for dismissal, raising the prior action as a bar. We find this argument unpersuasive. Plaintiffs are not free to circumvent the requirements of the dramshop act by waiting until they have reached settlement with the drunken driver before bringing an action against the liquor licensee. They were free to bring an action against both the defendants herein and the alleged drunk, as required by the act, and then to reach a settlement with one or both parties, *Buxton v Alexander,* 69 Mich App 507; 245 NW2d 111 (1976). They chose not to do so. We are not disposed to relieve them of the consequences of that freely-made choice.

Affirmed. Defendants may tax their costs.

---

[1] We do not wish to be understood as holding that no common-law cause of action survives as against private persons as opposed to liquor licensees, see *Lover v Sampson,* 44 Mich App 173; 205 NW2d 69 (1972).