*In re* KONKE ESTATE

DEPARTMENT OF TREASURY v HART

Docket No. 44122. Submitted April 9, 1980, at Detroit.—Decided June 16, 1980.

The Michigan Department of Treasury, Revenue Division, brought a claim against the estate of Mary Konke, deceased, for money due for care rendered the decedent while she was confined to Northville State Hospital from 1965 to 1968. Sylvia Hart, the executrix of the estate, filed exceptions to the claim, asserting that the claim was barred by the six-year statute of limitation and that a statutory exception to the six-year statute violated the constitutional rights to both due process and equal protection. The Wayne Probate Court, Joseph J. Pernick, J., held that the statutory exception to the statute of limitation was unconstitutional. The Wayne Circuit Court, Charles S. Farmer, J., affirmed. The Department of Treasury appeals by leave granted. *Held:*

1. The Legislature has the power to except the state from the operation of any statutes of limitation. In this case the question is whether the delay of some nine years between the time the debt was accrued and the time the state brought its claim deprived the executrix of procedural due process. Because of the nature of the claim and the evidence the passage of time has not seriously prejudiced the executrix. The state, on the other hand, has a legitimate interest in protecting its revenues. The exception to the statute of limitation did not deprive the executrix of a fair hearing.

2. There is a reasonable relationship between the statute's effective separation of debtors into two classes—debtors of

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 51 Am Jur 2d, Limitation of Actions §§ 9, 12.
[2, 5] 51 Am Jur 2d, Limitation of Actions §§ 416, 417.
[3] 16A Am Jur 2d, Constitutional Law § 815.
[4] 41 Am Jur 2d, Incompetent Persons §§ 56, 57.
Constitutionality of statute inposing liability upon estate or relative of insane person for his support in asylum. 20 ALR3d 363.
[6] 16A Am Jur 2d, Constitutional Law § 752.

private institutions and debtors of state institutions—and the state's legitimate interest in protecting its revenue. Therefore, there is no violation of equal protection.

Reversed and remanded.

1. LIMITATION OF ACTIONS — STATUTES — PROCEDURAL REQUIREMENTS.

Statutes of limitation are generally considered to be procedural requirements; they are legislative in nature and do not represent any right in an individual.

2. LIMITATION OF ACTIONS — EXCEPTIONS — LEGISLATIVE POWERS.

The Legislature has the power to except the state from the operation of statutes of limitation.

3. CONSTITUTIONAL LAW — DUE PROCESS — SERIOUSNESS OF DEPRIVATION — GOVERNMENTAL INTEREST.

Determination of whether or not an individual has been deprived of procedural due process requires the court to balance the seriousness of the deprivation against the governmental interest involved.

4. MENTAL HEALTH — ABILITY TO PAY — LIABILITY FOR SERVICES — STATUTES.

The state is required to provide medical services for mentally incompetent persons regardless of ability to pay for such services; however, an individual is financially liable for services provided by the Department of Mental Health (MCL 330.1804, 330.1810; MSA 14.800[804], 14.800[810]).

5. LIMITATION OF ACTIONS — EXCEPTIONS — STATUTES.

The statute which excepts the state from operation of a statute of limitation protects the state's legitimate interest in protecting its revenue by allowing the state to bring a claim against a debtor whenever assets of the debtor become available (MCL 600.5821[4]; MSA 27A.5821[4]).

6. CONSTITUTIONAL LAW — EQUAL PROTECTION — REASONABLE BASIS — BURDEN OF PROOF.

A party attacking a statutory classification on equal protection grounds has the heavy burden of demonstrating that the classification lacks a reasonable basis; if a reasonable relationship exists between the governmental classification and a legitimate state interest, no denial of equal protection exists.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *E. David Brock-*

*man* and *Gary Kress,* Assistants Attorney General, for the Department of Treasury.

*Charles Alpert,* for Sylvia Hart.

Before: DANHOF, C.J., and CYNAR and MAC-KENZIE, JJ.

DANHOF, C.J. This appeal arises out of a claim for $3,803 filed on February 15, 1977, by the Department of Treasury against the estate of Mary Konke for medical services it claims to have rendered to the deceased between September, 1965, and September, 1968. The estate contested the claim, arguing that it was barred by a six-year statute of limitation and that the exception to statutes of limitation, MCL 600.5821(4); MSA 27A.5821(4), which provides that the state's claim for treatment is not barred by any statute of limitation, is unconstitutional.

On August 18, 1977, Wayne County Probate Court Judge Joseph J. Pernick held that MCL 600.5821(4); MSA 27A.5821(4) violated the due process and equal protection clauses of the United States and Michigan Constitutions. This decision was affirmed on appeal to the Wayne County Circuit Court on January 12, 1979. Plaintiff appeals by leave granted.

The statute at issue, MCL 600.5821(4); MSA 27A.5821(4), provides:

"Actions brought in the name of the state of Michigan, the people of the state of Michigan, or any political subdivision of the state of Michigan, or in the name of any officer or otherwise for the benefit of the state of Michigan or any political subdivision of the state of Michigan for the recovery of the cost of maintenance, care, and treatment of persons in hospitals, homes, schools, and other state institutions are not subject to

the statute of limitations and may be brought at any time without limitation, the provisions of any statute notwithstanding."

Plaintiff argues on appeal that due process is satisfied by the statute since there is no taking without notice and an opportunity to be heard. Defendant argues that the statute deprives the estate of due process because the state may seek recovery at any time. She claims that a hearing more than "ten years" after the cause of action accrued is not a "fair" hearing as contemplated by the due process clause.

Statutes of limitation are generally considered to be procedural requirements. *Forest v Parmalee,* 402 Mich 348, 359; 262 NW2d 653 (1978), *Buscaino v Rhodes,* 385 Mich 474; 189 NW2d 202 (1971).

At common law, the sovereign was exempt from the operation of statutes of limitation and remains exempt to this day in the absence of statutory authority. *Guaranty Trust Co of New York v United States,* 304 US 126, 133; 58 S Ct 785; 82 L Ed 1224 (1938), *Comm'r of Welfare of the City of New York v Jones,* 73 Misc 2d 1014; 343 NYS2d 661 (1973).

As a result, statutes of limitation are legislative creatures and do not represent any right in an individual.

"Statutes of limitation find their justification in necessity and convenience rather than in logic. They represent expedients, rather than principles. They are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost. They are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the avoidable and unavoidable

delay. They have come into the law not through the judicial process but through legislation. They represent a public policy about the privilege to litigate. Their shelter has never been regarded as what now is called a 'fundamental' right or what used to be called a 'natural' right of the individual. He may, of course, have the protection of the policy while it exists, but the history of pleas of limitation shows them to be good only by legislative grace and to be subject to a relatively large degree of legislative control." (Citation omitted.) *Chase Securities Corp v Donaldson,* 325 US 304, 314; 65 S Ct 1137; 89 L Ed 1628 (1945).

Although we conclude the Legislature has the power to except the state from the operation of statutes of limitation, we agree with defendant that, in some circumstances, governmental delay in asserting its claims could so prejudice a defendant as to deprive him of a fair hearing. Defendant's arguments raise the question of whether the delay in the present case was so egregious as to deprive her of procedural due process.

In determining whether the passage of some nine years in the instant case meets procedural due process, we must balance the seriousness of the deprivation against the governmental interest involved. *Bundo v Walled Lake,* 395 Mich 679, 696; 238 NW2d 154 (1976), *Goldberg v Kelly,* 397 US 254, 263; 90 S Ct 1011; 25 L Ed 2d 287 (1970).

Apparently, the deprivation advanced by defendant is the diminution of her ability to defend against the claim due to the passage of time. She argues: "In the instant case, the date for which reimbursement is sought is September 1968, more than 10 years ago. No doubt much relevant evidence has been lost in the intervening years, evidence which could be crucial to the outcome."

On the unique facts of the present case, we are not persuaded that defendant has suffered a seri-

ous deprivation. The agreed-upon facts state that Mary Konke was declared mentally incompetent and admitted to the Northville State Hospital on September 29, 1965, the order providing that her guardian was to pay the state for her care and maintenance. She left the facility on September 19, 1968, owing $3,803. The facts establishing liability are undisputed and are provable by reference to public records. Due to the nature of the claim and the evidence we believe the passage of some nine years has not seriously prejudiced defendant.

On the other hand, the statute advances an important governmental interest. The state is required to provide medical services for mentally incompetent persons regardless of ability to pay for such services. See MCL 330.1810; MSA 14.800(810). Yet the individual is financially liable for services provided by the Department of Mental Health. See MCL 330.1804; MSA 14.800(804).

The state has an interest in protecting its revenue by collecting from individuals who receive institutional care while indigent but who later obtain assets. In the present case, Mary Konke's only assets were social security benefits which are protected from legal process while a person lives, but can be claimed by creditors if such funds pass into a probate estate. See, *In re Vary Estate,* 401 Mich 340; 258 NW2d 11 (1977), *cert den* 434 US 1087; 98 S Ct 1283; 55 L Ed 2d 793 (1978). The present statute therefore protects the state's legitimate interest by allowing the claim to be brought against a debtor whenever assets become available.

Having determined that any deprivation to defendant does not outweigh the governmental interest protected, we conclude that the statute, as applied in the present case, does not deprive defendant of a fair hearing.

Defendant also argues that the unlimited period for suit by the state violates the equal protection clauses of the United States and Michigan Constitutions. US Const, Am XIV, Const 1963, art 1, § 2. She claims the statute arbitrarily separates the natural class of hospital creditors into private creditors and government creditors. We infer that she means to argue that the statute also separates the natural class of debtors into debtors of governmental institutions who are not protected by any statute of limitation and debtors of private institutions who are protected by a six-year statute of limitation, defendant being unable to assert that private creditors are denied equal protection.

A party attacking a statutory classification on equal protection grounds has the heavy burden of demonstrating that the classification lacks a reasonable basis. *Forest v Parmalee, supra.* If a reasonable relationship exists between the governmental classification and a legitimate state interest, no denial of equal protection exists. *Id.*

The state has a legitimate interest in protecting its revenue by collecting debts owed for care in state institutions.

In protecting this interest, the instant statute does effectively separate debtors into two classes: debtors of private institutions and debtors of state institutions.

Defendant asserts that no reasonable rationale can support an unlimited time period for the state.

We disagree. As we noted previously, the state must provide treatment of the mentally ill regardless of ability to pay. On the other hand, private institutions, whether profit or nonprofit, are not required to accept patients unable to pay for services. There is little reason for even nonprofit institutions to accept indigent patients for these

institutions cannot continue to operate at a loss. Thus, a disproportionate number of patients in state institutions are unable to pay and may well remain unable to pay for long periods of time. Many, like Mary Konke, receive only benefits which are exempt from legal process.

It may be argued that the classification is unnecessary and consequently unreasonable because the state could pursue its claim to judgment and renew the judgment until such time as assets are available to satisfy it. This alternative is insufficient to vitiate the challenged classification because such a judgment could be discharged in bankruptcy to the obvious prejudice of the state.

We hold that a reasonable relationship exists between the classifications in the statute and the legitimate state interest protected. Therefore, there is no denial of equal protection in the instant case.

In conclusion, we hold MCL 600.5821(4); MSA 27A.5821(4), as applied in this case, does not violate the due process or equal protection clauses of the United States or Michigan Constitutions. Consequently, we reverse the decisions of the Wayne County Circuit and Probate Court and remand for proceedings not inconsistent with this opinion. We do not retain jurisdiction.

Costs to appellant.